THORNAL, Justice.
Appellant State Fire & Casualty Company seeks reversal of a final judgment of the Circuit Court entered in favor of the State of Florida in an appearance bond *275 forfeiture proceeding under Section 903.26 et seq., Florida Statutes, F.S.A.
Although numerous questions are presented, it appears to us that the sole issue to be determined is whether the bond itself or the forfeiture proceeding was fatally defective on jurisdictional grounds so as to justify an assault on the final judgment against the surety by motion to vacate filed more than 25 days after entry of the judgment, despite the fact that Section 903.30, Florida Statutes, F.S.A., requires that such a motion be filed within 25 days of the entry of the judgment.
On February 2, 1954, appellant State Fire & Casualty Company, as surety, entered into an appearance bond with one Bowers, as principal. The bond was filed in the Criminal Court of Record of Duval County, conditioned upon the appearance of the accused Bowers, before said court on February 24, 1954, to answer a charge of “assault to rob”. A copy of the information does not appear in the record. Bowers failed to appear on the date set, the record was duly certified to the Circuit Court, and on July 22, 1954, the Circuit Judge entered a judgment on the bond against the appellant Casualty Company and the principal Bowers. On November 19, 1954, the surety filed its motion to vacate the judgment on the bond. This motion was denied by order of the Circuit Judge filed February 7, 1955. Notice of appeal was entered April 5, 1955.
Appellant Casualty Company contends that the bond was fatally defective in that it was conditioned upon the appearance of the accused to answer a charge of “assault to rob” and that there is no such crime under the law of this state. The appellee contends that the bond was not fatally defective.
Under Section 903.30, Florida Statutes, F.S.A., an application to set aside or modify the judgment entered in a bail bond forfeiture proceeding shall be made within 25 days from" the entry of the judgment. In the matter before us the application to set aside the judgment was not made until nearly four months after the judgment was entered. Under such circumstances the application itself was filed too late to merit, the consideration of the trial judge in the absence of a showing that the bond or the forfeiture proceeding was fatally defective on jurisdictional grounds. State v. Maxie, Fla.1953, 66 So.2d 670.
The effect of our prior decisions is that a motion to vacate or modify the final judgment in a bond forfeiture proceeding must be filed within 25 days of the entry of the judgment, unless the proceeding is defective on some jurisdictional ground. If the alleged defect in the bond in the instant case was not jurisdictional, then the motion to vacate was filed too late to be considered. We have held that the offense charged must be stated in the bond. State for the Use and Benefit of Dade County v. All Florida. Surety Co., Fla.1952, 59 So.2d 849. This does not mean that it is necessary that the offense be described in technical detail. It is sufficient if the language used to describe the offense in the bond is adequate to identify with reasonable certainty the charge before the court as to which the surety has contracted to insure the principal’s appearance to answer before a certain court at a time certain. See Section 903.12, Florida Statutes, F.S.A., as to condition of such bonds. As between the State and the surety, the bond is a contract and must be sufficiently definite and complete in its terms to be a contract, but not more so.
Insofar as an appearance bond is concerned, the offense is adequately described if it is stated in general terms. West v. State, 75 Fla. 342, 78 So. 275. The description of the offense in the bond before us was adequate to identify the general nature of the charge against the principal and was, therefore, adequate to require the surety to respond to its obligations under the bond. The proceeding would have been good against this ground of attack even if the motion to vacate had been filed within the time required by the statute.
■The appellant Casualty Company raised other questions by its motion to vacate and. on this appeal, but it conceded by its counsel in the oral argument of this case that *276 the other objections have been disposed of adversely to the position of the appellant by our opinion in Capitol Indemnity Insurance Company v. State, Fla. 1956, 86 So.2d 156. We agree with counsel.
This leads to the conclusion that the bond was not defective on jurisdictional grounds and therefore the motion to vacate the judgment or forfeiture which was filed nearly four months after the judgment was entered was filed too late to entitle it to consideration by the trial judge.
Finding no error in the judgment of the lower court, it is therefore
Affirmed.
DREW, C. J., HOBSON, J., and ANDERSON, Associate Justice, concur.