PER CURIAM.
These are consolidated appeals by James C. Keefe and Verna Dunn from final orders entered by the Court of Record for Brevard County denying their respective motions to set aside bond estreatures.
James C. Keefe is the surety on two bonds assuring the appearance of William Zeigler for trial on two separate criminal cases in the Brevard County Court of Record. The defendant failed to appear for trial on the designated date, and the Court of Record granted the estreature of the two bonds and filed a certificate of bond estreature on November 13, 1964. The forfeiture on the two bonds was reduced to judgment entered in the Circuit Court for Brevard County on November 19, 1964.
*869 Verna Dunn is the surety on a bond assuring the appearance of Bobby W. Gill for trial in a criminal case in the Brevard County Court of Record. The trial court’s order recites that a certificate of bond estreature was filed July 28, 1965, and that the forfeiture was reduced to judgment entered in the circuit court on July 30, 1965. Petitioner Dunn’s motion to set aside the bond estreature was filed on May 5, 1965, but notice of hearing was not filed until August 18, 1965, approximately nineteen ■days after the entry of the judgment of forfeiture by the circuit court.
The court of record denied petitioners’ respective motions to set aside the bond estreatures on the ground that the court of record is without jurisdiction to set aside a bond estreature after the forfeiture of the bond has been reduced to judgment by the circuit court pursuant to F.S.A. § 903.27.
Once the forfeiture has been reduced to judgment the applicable statutory provision is that section concerned with remission of judgment and not the provision dealing with remission of forfeiture. Therefore, these cases are not governed by F.S.A. § 903.27, as amended in 1961, but are governed by F.S.A. § 903.271 (1961), which provided that no remission shall be made where a forfeiture has been reduced to judgment. If the 1965 amendment, F.S.A. § 903.271, effective July 1, 1965, applies, then the court entering the judgment of forfeiture is the proper court in which application to set aside the judgment must be filed.
 Under either provision the court of record does not have jurisdiction to set aside a bond estreature after the forfeiture has been reduced to judgment. The court of record’s orders denying petitioners’ respective motions to set aside the bond estreature are correct.
Affirmed.
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.