HENDRY, Chief Judge.
The state, for the use and benefit of Dade County, seeks reversal of an order of the circuit court granting the surety’s motion to vacate final judgment and set aside bond estreature.
Summit Fidelity & Surety Company is the surety on a bond assuring the appearance of Mathew K. Moran for trial on a traffic charge in the Metropolitan Court of Dade County. Moran failed to appear and the bond was estreated by the Metropolitan Court on April 6, 1965. A certificate of bond estreature was filed on November 3, 1965, and judgment of forfeiture was entered by the circuit court on November 12, 1965.
The motion to vacate final judgment and set aside estreature was filed on December 2, 1965, more than fifteen days after the entry of final judgment. The motion was based on the ground that Moran was surrendered to the Metropolitan Dade County Sheriff on May 24, 1965, and subsequently brought to justice. The motion was granted on rehearing by order dated May 13, 1966.
This case is covered by § 903.271, Fla. Stat., F.S.A., which provides that an application to set aside the judgment shall be made within fifteen days from the entry of the judgment.
*137 The application to set aside judgment was not timely, and there is no showing that the bond forfeiture proceeding was fatally defective on jurisdictional grounds. Therefore, it was filed too late to entitle it to consideration by the trial judge. State Fire & Casualty Company v. State, Fla. 1956, 88 So.2d 274; State for Use and Benefit of Dade County v. Frazier, Fla.App. 1960, 123 So.2d 288.
The surety contends that § 903.271, supra, is not the only method by which it could seek relief, but that its relief was properly granted under rule 1.38(b) Florida Rules of Civil Procedure, 30 F.S.A.
We make no determination as to the availability vel non of rule 1.38(b), supra, to vacate the final judgment and set aside bond estreature as no reason has been shown on this record which would entitle the surety to relief under rule 1.38(b).
The order setting aside the final judgment is reversed and the cause remanded with directions to reinstate final judgment enforcing the forfeiture.
Reversed and remanded.