BARKDULL, Judge.
Appellant, plaintiff in the trial court, seeks review of an order vacating a final judgment which had estreated an appearance bond in the municipal court.
The record reveals that the appellee corporation had posted a $5,000.00 appearance bond to ensure the appearance of the ap-pellee, Boyden, in the municipal court of Miami Beach on December 18, 1967. When Boyden failed to make his appearance on said date, the trial judge ordered his bond estreated and, pursuant to the provisions of § 903.26, Fla.Stat., F.S.A., this estreature order was filed with the Clerk of the circuit court and an appropriate judgment thereon was ultimately entered in accordance with § 903.27, Fla.Stat., F.S.A. Thereafter, without the fifteen-day period provided for in § 903.271, Fla.Stat., F.S.A., the surety moved to vacate the judgment, which motion was denied and properly so. See: State Fire & Casualty Company v. State, Fla. 1956, 88 So.2d 274; State for Use and Benefit of Dade County v. Frazier, Fla.App.1960, 123 So.2d 288; State for Use and Benefit of Dade County v. Moran, Fla.App.1967, 199 So.2d 136. The surety then filed a motion pursuant to Rule 1.540(b), Florida Rules of Civil Procedure, 31 F.S.A., contending that there was an equitable basis to relieve it from the final judgment of estreature. After hearing, the trial judge entered the order here under review, revoking the estreature and reestablishing the bond.
It is apparent from the record that the surety is unable, even at this date, to produce the body of Boyden to answer to the charges in the municipal court; that he is incarcerated in another jurisdiction, and subject to at least two other charges before he could answer to the charges pending in the municipal court of the appellant. We agree that, notwithstanding the fact that the surety failed to comply with the provisions of § 903.271, Fla.Stat., F.S.A. in seeking relief from the judgment of es-treature, it could avail itself of the provisions of Rule 1.540(b), Florida Rules of Civil Procedure, but that the record in this case falls far short of that which would be necessary to authorize a trial judge to set aside a judgment of estreature entered pursuant to Ch. 903, Fla.Stat., F.S.A. Public Service Mutual Insurance Company v. State, Fla.App.1961, 135 So.2d 777; Florida Insurance Exchange v. State, Fla.App.1965, 178 So.2d 211; 8 C.J.S. Bail § 92 b.
Therefore, we reverse the order here under review and direct the trial court to reinstate the final judgment of estreature.
Reversed and remanded, with directions.