HENDRY, Judge.
Appellant-defendant takes its interlocutory appeal from an order of the Circuit Court for Dade County, Florida/denying its motion to vacate a final judgment of es-treature entered against it as surety for the appearance of the co-defendant below.
The appellant surety company and the principal, Michael Manning Hadley, entered into a bonding agreement conditioned upon the principal’s appearance before the Criminal Court of Record for Dade County, Florida, to answer charges of unlawful possession of a narcotic drug and possession of implements for drug use. The principal failed to appear and the court ordered the Five Thousand Dollar bond forfeited on July 22, 1971. Pursuant to § 903.27, Fla. Stat, F.S.A., the Circuit Court of the *375 Eleventh Judicial Circuit entered a final judgment of forfeiture on November 30, 1971. Appellant filed a motion to vacate final judgment and discharge surety alleging that the principal was hospitalized in Massachusetts for a drug overdose and hepatitis at the time of his scheduled court appearance and was still not within the state of Florida. Prior to determination of the motion, but some ten months after the original order of forfeiture was entered, the Criminal Court of Record vacated the bond estreature entered by it on July 22, 1971. The motion to vacate still pending before the circuit court was denied on June 29, 1972, and this appeal followed.
The appellant contends that the circuit court erred in not granting the motion to vacate final judgment when the criminal court of record had previously vacated its own order of forfeiture, and when sufficient grounds for same appeared of record.
Forfeitures are not favored in Florida and statutes allowing for such are strictly construed by our courts.[1] Florida Statutes, § 903.26(5)(a), F.S.A., provides that a court that has entered an order of forfeiture may discharge the same within thirty days upon a satisfactory explanation of the breach of the bond. In the instant case, almost ten months passed before the criminal court of record entered an order vacating its prior order of forfeiture. Under the aforementioned statute that court had no jurisdiction at that time to enter such an order. Therefore, any attempt by that court to discharge the forfeiture was void and of no effect.
Additionally, the Circuit Court for Dade County, Florida, had entered its final judgment of forfeiture on November 30, 1971, some six months before the criminal court of record attempted to vacate its order of forfeiture. Once the circuit court had reduced the order of forfeiture to final judgment, the criminal court of record was, again, without jurisdiction to set aside the bond estreature. That jurisdiction rested solely with the circuit court. Keefe v. State, Fla.App.1966, 188 So.2d 868.
As to the other contention of the appellant we find that the record in this case falls short of that which would be necessary to authorize the setting aside of a judgment of estreature entered pursuant to Ch. 903, Fla.Stat., F.S.A. City of Miami Beach v. Boyden, Fla.App.1970, 232 So.2d 429.
Therefore, for the reasons stated and upon the authorities cited, the order appealed from is hereby affirmed.
Affirmed.

. See: Resolute Insurance Co. v. State, Fla.App.1972, 269 So.2d 770 and cases cited therein.