289 So.2d 456 (1974)
RESOLUTE INSURANCE COMPANY, a Rhode Island corporation, Appellant,
v.
The STATE of Florida, for the Use and Benefit of DADE COUNTY, Appellee.
No. 73-447.
District Court of Appeal of Florida, Third District.
January 15, 1974.
Rehearing Denied February 26, 1974.
Leonard H. Rubin, Miami, for appellant.
Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PEARSON, Judge.
The appellant, Resolute Insurance Company, entered into a written appearance bond for a defendant in the Criminal Court of Record in and for Dade County, Florida. The bond was estreated. Thereafter, *457 the State of Florida secured a judgment upon the bond. Section 903.27(2), Fla. Stat., F.S.A., provides that "[a]fter notice of judgment ... the surety or bail bondsman may within forty-five days file a motion to set aside the judgment". Thereafter, acting pursuant to § 903.28 provides "[o]n application within one year from forfeiture, the court shall order remission if it determines that there was no breach of the bond", the surety applied to the circuit court for remission of the forfeiture upon which judgment had been entered. The circuit judge denied the motion upon the ground that he was without jurisdiction to order a remission under the provisions of § 903.28 because the section "does not apply to forfeitures reduced to judgment".
We are therefore presented with a clear question as to whether or not these two sections (903.27 and 903.28) can be reconciled, and if they cannot, which prevails under the situation above set out. The chronology is as follows:

 February 29, 1972 The bond is forfeited.
 August 26, 1972 A judgment is entered in the circuit court against
 the surety for the amount of the bond and costs.
 October 13, 1972 The surety served a copy of its motion to vacate on
 the state attorney alleging that the defendant had
 been unable to appear because he was incarcerated
 in another state.
 October 26, 1972 The defendant was surrendered to the sheriff's
 office.
 December 22, 1972 The circuit court denied a motion to vacate final
 judgment and discharge surety.

Section 903.27 presently reads as follows:
"903.27 Forfeiture to judgment. 
"(1) If the forfeiture is not paid or discharged within thirty days and the bond is secured other than by money and bonds authorized in § 903.16, the state attorney shall file a certified copy of the order of forfeiture with the clerk of the circuit court for the county where the order was made. The clerk shall enter a judgment against the surety for the amount of the penalty and issue execution. The clerk shall furnish the surety company at its home office a certified copy of the judgment within ten days. If the judgment is not paid within sixty days, the clerk shall furnish the department of insurance two certified copies of the judgment and a certificate stating that the judgment remains unsatisfied."
"(2) After notice of judgment against the surety given by the clerk of the circuit court, the surety or bail bondsman may within forty-five days file a motion to set aside the judgment. The court entering the judgment may at any time set aside the judgment in whole or in part for reasonable cause shown. During the pendency of such motion the court may stay execution on judgment or other process."
This section was first passed in 1939 and was amended by Chapter 70-339, § 33, Laws of Florida, 1970.[1]
Section 903.28 presently reads as follows:
"903.28 Remission of forfeiture; conditions. 
"(1) Within one year after forfeiture, the court may direct a partial or complete *458 remission for reasonable cause. On application within one year from forfeiture, the court shall order remission if it determines that there was no breach of the bond. If the surety apprehends and surrenders the defendant within one year from forfeiture, the court shall order the forfeiture remitted unless the delay has thwarted the proper prosecution of the defendant.
"(2) Application for remission must be accompanied by affidavits setting forth the facts on which it is founded. The state attorney must be given five days' notice before a hearing on an application and be furnished copies of all papers. Remission shall be granted on the condition of payment of costs unless the ground for remission is that there was no breach of the bond."
It was first enacted in 1939 and was amended in 1970 by Chapter 70-339, § 34, Laws of Florida, 1970.[2]
It is apparent that the sections were originally designed to apply to different courts. Section 903.28, the remission of forfeiture section, would ordinarily have been applied in the trial court while section 903.27, the forfeiture to judgment section, by its terms applies only to the circuit court. We have previously held that once the circuit court enters a judgment on the forfeiture, the trial court no longer has jurisdiction to relieve from the forfeiture. See South American Fire Insurance Company v. State, Fla.App. 1972, 270 So.2d 374. In addition, the District Court of Appeal, Fourth District, held in Keefe v. State, Fla.App. 1966, 188 So.2d 868, that once the forfeiture has been reduced to judgment the applicable statutory section is that section concerned with the setting aside of judgment and not the section dealing with remission of forfeiture.
It appears that the State may well be able to cut off a surety's rights under § 903.28, for as happened in this case, the State applied for the judgment before the running of the one year period and in fact received a judgment so that the forty-five days allowed for a motion to set aside the judgment ran before the expiration of one year from the forfeiture. The appellant says that this result is unjust and was not intended by the legislature. These sections have existed side by side for several years. The legislature last throughly examined the sections in 1970, and although the sections were amended, it left them as much in conflict as before. In this connection it is noted that the Keefe v. State opinion was published in 1966. We therefore presume that the legislature knew of the interworking of the two sections and determined that the result was in accord with the public policy of the State. We therefore decline to declare either of these sections inoperative and hold in accordance with the decision in Keefe, supra, that once the forfeiture has been reduced to judgment only section 903.27 dealing with the setting aside of judgment is operative. Therefore, the trial court properly denied appellant's application for remission of forfeiture. In the interest of consistency, we note, as we have held in City of Miami Beach v. Boyden, Fla.App. 1970, 232 So.2d 429, that notwithstanding the fact that the surety has failed to comply with § 903.27, it may seek relief pursuant to Rule 1.540(b), RCP, 31 F.S.A., when such is applicable.
Affirmed.
NOTES
[1] Minor amendments were enacted in 1971 (Chapter 71-355, § 173, Laws of Florida, 1971), and in 1973 (Chapter 73-334, § 34, Laws of Florida, 1973).
[2] A minor amendment was enacted in 1973 (Chapter 73-334, § 34, Laws of Florida, 1973).