PER CURIAM.
This appeal is by the plaintiff below from an order of the circuit court of Dade County vacating a final judgment plaintiff had obtained against the surety (Public Service Mutual Insurance Company) on a defaulted appearance bond.
Eddie Burke was charged by information with issuing a worthless check. He was released on the appearance bond. Burke failed to appear on August 24, 1973 as required. The bond was forfeited by the court (§ 903.26(2) Fla.Stat., F.S.A.), and certification thereof was filed and recorded in the office of the Clerk of the Circuit Court on August 24, 1973 (§ 903.26(4) (a) Fla.Stat., F.S.A.
On October 23, 1973 the state, for use and benefit of Dade County, moved in another division of the circuit court for judgment on the bond. Final judgment against the surety was entered on November 20, 1973. On January 2, 1974 the surety moved the court to vacate the judgment on the ground that the bonded defendant had been produced by the surety on December 7, 1973. See § 903.27(2) Fla.Stat., F.S.A. By an order entered February 25, 1974 the court denied the motion and a subsequent motion for rehearing. The surety appealed.
Meanwhile, after the final judgment had been entered on the bond against the surety on suit of the state, an order was entered in another division of the circuit court (in the criminal action), on January 8, 1974, vacating the bond forfeiture which initially had been made there. That action of the court was ineffectual because *124 untimely. § 903.26(5) (d) Fla.Stat, F.S.A; South American Fire Insurance Company v. State of Florida, for use and benefit of Dade County, Fla.App. 1972, 270 So.2d 374.
Thereafter, while the surety’s appeal from the order denying its motion to vacate the final judgment on the bond was pending in this court, the surety again moved the trial court (in the case in which the final judgment had been entered) for vacation of the judgment, and requested that the matter be transferred for that purpose to the division of the court in which the criminal proceeding had been lodged.
The ground of that motion to vacate the judgment was that the accused had made restitution. The matter was not so transferred but the court, acting on said motion, entered an order on August 12, 1974 vacating the final judgment for certain reasons recited in the order.
From that order of August 12, 1974 vacating the final judgment, the state, for use and benefit of the county, filed this appeal. We find error, and reverse.
The order vacating the final judgment necessarily involved and included setting aside the court’s order of February 26, 1974 denying the surety’s earlier motion to vacate the final judgment, as to which order an appeal was then pending. Some weeks later, on September 9, 1974, this court dismissed said appeal, for substantial failure of the appellant to comply with the appellate rules with relation thereto (300 So.2d 92). However, aside from the merits of the order vacating the judgment, as to which we express no opinion here, we hold it was error to vacate the judgment during the pendency of the said appeal. Sanders v. McCaughey, Fla.App.1966, 192 So.2d 774; Liberman v. Rhyne, Fla.App. 1971, 248 So.2d 242.
The order appealed from is reversed, and the final judgment entered by the trial court on November 21, 1973 is reinstated.
It is so ordered.