PER CURIAM.
Plaintiff, the State of Florida, appeals an order vacating final judgment of forfeiture on an appearance bond against the defendant surety.
Eddie Burke was informed against for issuing a worthless check and was released on a $1,000.00 appearance bond. Burke failed to appear in court and on August 24, 1973 an order of forfeiture, followed by a final judgment on November 20, was entered against him and his surety, Public Service Mutual Insurance Company, defendant-appellee herein [§ 903.26(4) (a), Fla.Stat.]. The surety moved to vacate this judgment on the ground it had produced Burke on December 7, 1973. This motion was denied on February 25, 1974 and the surety appealed. Meanwhile, the criminal division of the circuit court entered an order vacating the August 24, bond forfeiture.[1] During the pendency of the appeal, the surety again moved the court (civil division) to vacate the final judgment on the ground that Burke had made restitution. On August 12, 1974 the court entered an order vacating the November 20, 1973 final judgment. The surety’s appeal from the February 25 order was dismissed and the second appeal was filed by the State from the order of August 12, 1974 vacating the final judgment of forfeiture. This court held it was error to vacate this judgment while the surety’s appeal directed to the order of denial of February 25 was pending in this court. See State v. Public Service Mutual Ins. Co., Fla.App.1975, 311 So.2d 123. After receipt of this court’s mandate reinstating the final judgment of forfeiture, the circuit court again entered its order vacating final judgment and the State appeals. We reverse.
This cause having been appealed twice to this court (300 So.2d 92 and 311 So.2d 123), the trial court was without jurisdiction to enter the appealed order vacating finai judgment of forfeiture.
Reversed and remanded to the trial court to reinstate the final judgment.
So ordered.

. This action was ineffectual because it was not timely, § 903.26(5) (d), Fla.Stat.