338 So.2d 861 (1976)
RESOLUTE INSURANCE COMPANY et al., Appellants,
v.
Richard P. BRINKER, Clerk of the Circuit Court for Dade County, Florida, Appellee.
No. 75-1492.
District Court of Appeal of Florida, Third District.
September 28, 1976.
Rehearing Denied November 9, 1976.
Joseph A. St. Ana, Jacksonville, for appellants.
Gus Efthimiou, Jr., Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
The appellants executed surety bonds in certain criminal proceedings. Thereafter, as the matters proceeded, the defendants failed to appear and orders of estreature were entered by the several judges presiding over the criminal causes. Subsequently, statutory proceedings were instituted pursuant to § 903.27(1), Fla. Stat., to have judgments entered on the estreature orders; five such judgments were duly entered against the appellants as the sureties on the original appearance bonds. These judgments assessed costs and provided for interest from the date of the judgments. Pursuant to the provisions of § 903.27(1), Fla. Stat., copies of these judgments were forwarded to the appellants as the original sureties. Thereafter, each of the judgments were paid and satisfied.
Subsequently, more than forty-five days after the entry of the several judgments, the surety companies filed an independent action[1] seeking to recover the items assessed as costs and interest in the several judgments against the appellee as the Clerk of the Circuit Court. The trial court dismissed the action, finding that it was without jurisdiction to entertain same. Implicit in its holding was that the remedy afforded a surety company, pursuant to § 903.27(2), *862 Fla. Stat., to seek review of any such final judgment within forty-five days was controlling and, therefore, dismissed the cause.
We have reviewed the arguments advanced by the appellants, contending error in this order and fail to find any such. We find that the trial court was eminently correct. The sureties executed the bonds, received the premiums, knew what the statutes provided and, upon receipt of the final judgments if they thought there were any errors contained therein, they should have sought relief within the forty-five day period provided for in § 903.27(2), Fla. Stat.[2]
Therefore, the order under review is hereby affirmed.
Affirmed.
NOTES
[1] No issue was made in the trial court nor raised here as to the propriety of the joinder of plaintiffs, and this opinion is not to be construed as approving such procedure.
[2] This opinion is not to be construed as either approving or disapproving the propriety of the award of interest and costs on these judgments, as we do not reach these issues in this opinion.