PER CURIAM.
This is an appeal by the state from an order of the trial court remitting the forfeiture of a bail bond. After full consideration of the record and briefs we are convinced that the state’s contention has merit. We reverse.
After the defendant, for whom appellee James L. Sponheim was acting as surety, failed to appear in court as required, the court entered an order forfeiting a $2500 bail bond. Subsequently, on March 15, 1977, the court entered judgment on the forfeiture and the clerk of the court served a copy of the judgment by mail on appellee the next day. Appellee satisfied the judgment on June 3 of that year.
On April 25,1978, appellee filed an application for remission of forfeiture which alleged that law enforcement officials had been able to apprehend the defendant through information supplied to them by appellee. Subsequently, on May Í7, the court entered an order granting the remission of forfeiture.
As the state correctly points out, Section 903.27(2), Florida Statutes (1977), is applicable here and provides that once a surety has notice of the entry of judgment on a forfeiture it may within forty-five days file a petition to set aside the judgment. If it does not do so within this time period, the court is without jurisdiction to set aside judgment and remit the forfeiture. Resolute Insurance Co. v. State, 289 So.2d 456 (Fla.3d DCA 1974). Clearly more than forty-five days elapsed between the entry of the judgment in March 1977 and the filing of the motion for remission in April 1978.
Accordingly, we reverse the order of the trial court and remand the case with instructions that the court reinstate the judgment against appellee.
GRIMES, C. J., and BOARDMAN and RYDER, JJ., concur.