DOWNEY, Judge.
Appellants seek review of an order denying their motion to vacate a final judgment declaring forfeiture of an appearance bond.
It appears that appellant Cottonbelt Insurance Company (through its agent, appellant Crews Bonding Agency of Jacksonville, Florida) wrote a bond to assure the appearance in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, on August 20, 1979, of Douglas Sweet, a defendant in a criminal case pending in that court. Through Crews Cotton-belt had also written a bond to assure *837 Sweet’s appearance on a criminal charge in Duval County.
On May 22, 1979, the bonding agency surrendered Sweet to the Sheriff’s Department at the Duval County jail on both the Duval and Palm Beach County appearance bonds and obtained a written bond surrender slip. Within an hour after the surrender Sweet was released on his own recognizance by a Duval County circuit judge and has not been seen since.
On August 20, 1979, when Sweet did not appear in the Palm Beach County Circuit Court, a judge of that court entered an order estreating Sweet’s bond. On December 18, 1979, the court entered a final judgment directing that the State recover the amount of the bond. The clerk’s docket sheet relative to Sweet’s case, a copy of which is included in the record on appeal, shows a certified copy of the judgment went to the appellant bonding agency and the appellant insurance company. No appeal was taken from that judgment. On March 26, 1980, “pursuant to the provisions of Rule 1.540, Florida Rules of Civil Procedure and the provisions of Chapter 903, Florida Statutes” appellants filed a motion for relief from the order estreating the appearance bond and from the final judgment. Said motion asked the court to set aside the order estreating the bond and to vacate the final judgment on the grounds that the order and judgment were entered through mistake, inadvertence, surprise, or excusable neglect, and without fault on the part of the surety. In support of said grounds the motion recited the surrender of Sweet in Duval County on May 22,1979, his release on his own recognizance, and his subsequent disappearance. Apparently the court orally denied the motion, but no written order of denial was entered until September 22, 1980. After the oral denial of the motion, but before the written denial, appellants filed a petition for rehearing and a motion for reconsideration of the order denying the petition for rehearing. Both of said motions were denied.
Relying solely on Accredited Surety and Casualty Company, Inc. v. State, 383 So.2d 308 (Fla. 2d DCA 1980), appellants contend the trial court erred in refusing to grant relief from the order of estreature and final judgment because appellants had surrendered Sweet to proper authorities and the surety was no longer responsible for his appearance. The decision appellants rely on does not apply to this case because it dealt with a direct appeal from a judgment ordering forfeiture of an appearance bond, and the present case deals with a collateral attack on such a judgment.
Although the surrender problem bothered the trial judge, we need not decide whether the surrender in Duval County as opposed to Palm Beach County or the failure to notify Palm Beach County authorities of the surrender before the forfeiture is fatal to appellants’ contentions. We do not reach those questions and we affirm the order denying appellants’ motion to vacate because appellants did not present a case for relief under Rule 1.540(b) to the circuit court.
If the surrender of Sweet in Duval County was sufficient to discharge appellants’ liability on the bond the circuit court committed judicial error in entering the order of estreature and final judgment. That error could only be rectified on appeal from the final judgment. Although the motion for relief from the order of estreature and final judgment refers to Chapter 903 as well as Rule 1.540(b), that motion was based upon the grounds for relief set forth in Rule 1.540(b). However judicial error is not one of those grounds, and relief under the rule could not be based on the factual allegations of appellants’ motion. As this court said in Fiber Crete Homes, Inc. v. Division of Adm., Dept. of Tr., 315 So.2d 492, 493 (Fla. 4th DCA 1975):
“Rule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances; it was neither intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error.. . . ‘a decision is inadvertent if it is the result of oversight, neglect or accident as distinguished from judicial error’.”
*838 Neither party has argued the applicability of Rule 1.540(b) to a motion to vacate a judgment forfeiting an appearance bond, nor made any mention of the provisions of Section 903.27(2), Florida Statutes (1977). Thus we are not called on to answer the question whether Section 903.27(2), with its forty-five day limit for seeking vacation of a final judgment, is the exclusive vehicle for presenting such a motion. Compare City of Miami Beach v. Boyden, 232 So.2d 429 (Fla. 3d DCA 1970), and Resolute Insurance Company v. State, Dade County, 289 So.2d 456 (Fla. 3d DCA 1974), with Worthley v. State, Use & Benefit of Dade County, 320 So.2d 479 (Fla. 3d DCA 1975); Resolute Ins. Co. v. Brinker, 338 So.2d 861 (Fla. 3d DCA 1976); and State v. Sponheim, 366 So.2d 143 (Fla. 2d DCA 1979). We make no attempt to answer that question. It is sufficient to say that appellants have not demonstrated any error in the circuit court’s denial of their motion to vacate.
Accordingly, the judgment and order appealed from are affirmed.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.