OVERTON, Justice.
We accepted jurisdiction in Curtiss-Wright Corp. v. Diaz, 507 So.2d 1197 (Fla. 3d DCA 1987), to answer the following three certified questions of great public importance:
I.Should the legislative amendment of Section 95.031(2), Florida Statutes (1983), abolishing the statute of repose in product liability actions, be construed to operate retrospectively as to a cause of action which accured before the effective date of the amendment?
II.If not, should the decision of Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), which overruled Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla.1980), apply so as to bar a cause of action that accrued after the Battilla decision but before the Pullum decision?
III.In the event that the court construes the legislative amendment abolishing the statute of repose in product liability cases to operate retrospectively as to a cause of action which accrued before the effective date of the amendment, or in the event that the court decides that Pullum does not bar a cause of action, as here, that accrued after the Battilla decision, does Florida Rule of Civil Procedure 1.540(b) permit a court to relieve a party from a final judgment grounded on Pullum?
507 So.2d at 1199. We have jurisdiction. Art. V, § 3(b)(4), Fla.Const.
Since we accepted jurisdiction, we answered the first question in the negative and the second question in the affirmative in Melendez v. Dreis & Krump Manufac *611 turing Co., 515 So.2d 735 (Fla.1987). Our answers to the first two certified questions make it unnecessary to answer the third.
We approve the decision below on the authority of Melendez.
It is so ordered.
MCDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.