Opinion on Rehearing

COPE, Judge.
Upon consideration of appellee American Bankers Insurance Company’s motion for rehearing, we vacate our opinion filed October 24, 1989 and substitute the following.
The State of Florida appeals an order vacating final judgment on a bail bond forfeiture. ' We reverse.
A final judgment was entered against American Bankers, the surety on a bail bond. Between fifty-five and sixty days thereafter (a) the surety apprehended the defendant in Peru and surrendered him to the court; (b) the surety paid the amount of the bond; and (c) the surety moved to set aside the judgment pursuant to section 903.27(5), Florida Statutes (1987). The surety moved alternatively for relief from *540 judgment under Rule 1.540, Florida Rules of Civil Procedure. The trial court granted relief from judgment under Rule 1.540, and the State has appealed.
The State argues that the only mechanisms by which the surety can benefit from the late surrender of a defendant are those specified in subsection 903.26(5), Florida Statutes (1987) (surrender or arrest of defendant within 35 days after forfeiture), and section 903.28, Florida Statutes (1987) (remission of forfeiture). Neither of those statutory provisions is available where, as here, the forfeiture has been reduced to judgment. State ex rel. Metropolitan Dade County v. Quesada, 529 So.2d 792, 793 (Fla. 3d DCA 1988); Resolute Ins. Co. v. State ex rel. Dade County, 289 So.2d 456, 458 (Fla. 3d DCA 1974).
American Bankers concedes that sections 903.26 and 903.28 are unavailable to it, but argues that relief is available under subsection 903.27(5), Florida Statutes (1987), which provides:
After notice of judgment against the surety given by the clerk of the circuit court, the surety or bail bondsman may within 60 days file a motion to set aside the judgment or to stay the judgment. It shall be a condition of any such motion and of any order to stay the judgment that the surety pay the amount of the judgment to the clerk, which amount shall be held in escrow until such time as the court has disposed of the motion to set aside the judgment. The filing of such a motion, when accompanied by the required escrow deposit, shall act as an automatic stay of further proceedings, including execution, until the motion has been heard and a decision rendered by the court.
The State contends, in substance, that a motion to set aside the judgment under subsection 903.27(5) only allows the trial court to revisit errors of substance or procedure leading up to the entry of judgment. See Logue & Candela, Florida Law of Bail Bond Estreatures, Vol. LXIII, No. 2 Fla.Bar J. 44, 46 (Feb., 1989) (“a final judgment can be set aside only for the reasons that the underlying forfeiture could be set aside”) (footnote omitted). It follows, according to the State, that apprehension of a defendant after entry of judgment can never constitute good grounds to set aside a forfeiture judgment.
Prior to 1986, subsection 903.27(5) contained a sentence which provided, “Upon the filing of such a motion [to set aside the judgment or to stay the judgment], the court may stay execution on the judgment or set aside the judgment in whole or in part only for those reasons for which the forfeiture could have been discharged.” See id. (1985); ch. 82-175, § 59, Laws of Fla. Under that version of the statute, there was an express limitation on the grounds for the motion. That sentence was deleted when the statute was amended in 1986, ch. 86-151, § 9, Laws of Fla., and the amendment substituted the present final sentence in subsection 903.27(5). The new language created an automatic stay upon the posting of the escrow deposit, and deleted the limitation on grounds for the motion.
American Bankers argues forcefully that the 1986 amendment has broadened the scope of relief available under section 903.-27, and that a belated surrender is now a permissible ground for relief under the statute. Although the contention is a substantial one, we disagree.
It is axiomatic that “[legislative intent should be gathered from consideration of the statute as a whole rather than from any one part thereof.” Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation Dist., 274 So.2d 522, 524 (Fla. 1973). Our objective is to reach an interpretation which is in harmony with the statutory scheme. See Smith v. Ryan, 39 So.2d 281, 283 (Fla.1949).
In the present case the legislature has enacted detailed statutory provisions dealing with belated surrender. See §§ 903.-26(5)(c), 903.28, Fla.Stat. (1987). Those statutes contain prerequisites which must be satisfied in order to obtain remission of forfeiture and authorize the trial judge to make certain adjustments in the amount of the remission. Section 903.28 establishes a sliding rate scale depending upon the *541 amount of time which has elapsed prior to surrender; if section 903.28 were applicable to the present case, it would limit the recovery to 95 percent of the forfeiture amount. § 903.28(3), Fla.Stat. (1987).
The 1986 amendment to chapter 903 was comprehensive. In addition to the modification to subsection 903.27(5), the legislature also amended each of the belated surrender provisions just discussed. See ch. 86-151, §§ 8-10, Laws of Fla. In view of the very detailed enactments pertaining to belated surrender which are found in sections 903.26 and 903.28, we conclude that if the legislature had intended belated surrender to be a ground for relief under subsection 903.27(5), then the legislature would have included express language to that effect in the statute. We therefore hold that relief was not available to American Bankers under subsection 903.27(5).
The next inquiry is whether the trial court was correct in granting relief from judgment under Rule 1.540, Florida Rules of Civil Procedure. See Resolute Ins. Co. v. State ex rel. Dade County, 289 So.2d 456, 458 (Fla. 3d DCA 1974) (surety “may seek relief pursuant to Rule 1.540(b) ... when such is applicable”).
In the present ease the trial court ruled that the equities were with the surety and granted relief from judgment under Rule 1.540. In so doing the court relied on Rule 1.540(b)(5), which authorizes relief, in part, where “it is no longer equitable that the judgment or decree should have prospective application.” Our court has held that a final judgment against a plaintiff is not, without more, a judgment having “prospective application” within the meaning of this Rule, even though the judgment does have continuing res judicata effect. Curtiss-Wright Corp. v. Diaz, 507 So.2d 1197, 1198 (Fla. 3d DCA 1987), approved on other grounds, 519 So.2d 610 (Fla.1988). We need not now decide whether the same analysis will ordinarily apply to defendants against whom final judgment has been entered. See generally C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2863, at 204-11 (1973) and cases cited therein; Brothers, Inc. v. W.E. Grace Mfg. Co., 320 F.2d 594, 610 (5th Cir.1963). In the present case the legislature has prescribed by statute the rights and obligations of the parties. In such circumstances relief from judgment should not have been given.
We therefore reverse the final judgment.