FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2025-0765
_____

PALMETTO SURETY CORP.,

    Appellant,

    v.

ESCAMBIA COUNTY CLERK OF
COURT,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Stephen A. Pitre, Judge.

April 8, 2026

OSTERHAUS, C.J.

Under Florida's bail law, chapter 903, Florida Statutes, a surety that posts a bond guarantees to the State that the defendant will appear at a subsequent court proceeding. A defendant's subsequent failure to appear triggers proceedings between the surety and the clerk of court and a forfeiture of the bail bond. If the forfeiture is not paid by the surety to the clerk within sixty days or is not discharged, the clerk must enter judgment against the surety for amount of the bond and issue execution.

All of this occurred here where Palmetto Surety appeals an order denying its motion to set aside a bond forfeiture judgment. Under § 903.27(5), Florida Statutes, Palmetto Surety sought to have the forfeiture judgment set aside. Palmetto Surety argues that because it followed the path prescribed by this statute—it (1) filed a motion to set aside the judgment within 35 days, (2) deposited the amount of the judgment with the Escambia County Clerk of Court, and (3) returned the defendant back into the custody of a neighboring county with an Escambia County hold long before judgment was entered—it qualified to have the judgment set aside. We agree with Palmetto Surety and reverse.

## I.

Palmetto Surety executed $40,000 in appearance bonds for a defendant, who had been arrested and charged with a crime in Escambia County. After the defendant failed to appear for court in May 2024, the bonds were forfeited. About a month later, Palmetto Surety surrendered the defendant to the Santa Rosa County Jail on separate pending warrants and forfeitures issued there. Palmetto Surety also notified the Escambia County Sherriff's office of the surrender with an offer to pay transport costs. A hold for Escambia County was placed on the defendant the next day. Meanwhile, the clock continued ticking for another month on the Escambia County forfeitures that hadn't been paid or discharged. When that clock expired in July 2024, the Escambia County Clerk of Court entered a final judgment of bond forfeiture against Palmetto Surety. Once Palmetto Surety received the notice of judgment, it immediately satisfied the judgment and filed a timely motion to set it aside under § 903.27(5). The trial court, however, denied the motion. It concluded that even though Palmetto Surety had surrendered the defendant within a month of the forfeiture, only court- or county-made "errors in procedure or substance" allowed the court to set aside a judgment under § 903.27(5). Palmetto Surety appealed.

## II.

Generally, orders on motions for relief from judgment are reviewed for abuse of discretion. *Gjokhila v. Seymour*, 349 So. 3d 496, 499 (Fla. 1st DCA 2022). But here, the question is one of statutory interpretation, which is reviewed de novo. *Fla. Dep't of*

2

*Revenue v. Verizon Commc'ns Inc.*, 380 So. 3d 541, 544 (Fla. 1st DCA 2024).

Section 903.27(5) governs proceedings to set aside a bond forfeiture judgment. It provides that "[a]fter notice of judgment against the surety given by the clerk of the circuit court, the surety or bail bond agent may within 35 days file a motion to set aside the judgment or to stay the judgment." *Id.* Subsection (5) doesn't prescribe any standards for courts to use in determining whether to set aside a judgment. Courts have relied instead upon the conditions described for discharging bond forfeitures in § 903.26 as a yardstick for deciding whether set aside is warranted under § 903.27(5). *See, e.g., Cardoza v. State*, 98 So. 3d 1217 (Fla. 3d DCA 2012) (vacating a judgment where the Clerk didn't abide by § 903.26(8)); *Mike Snapp Bail Bonds v. Orange County*, 913 So. 2d 88 (Fla. 5th DCA 2005) (awarding § 903.27 relief to a surety on the basis of § 903.26(5)(c) or (8)); *Bailey v. State*, 282 So. 2d 32, 34 (Fla. 1st DCA 1973) (reversing a forfeiture judgment where the clerk failed to failed to provide §903.26(1)(b) notice); *cf., State ex rel. Metropolitan Dade County v. American Bankers Ins.* Co., 558 So. 2d 539, 540 (Fla. 3d DCA 1990) (refusing to set aside judgment in the case of surrender after the § 903.26(5) deadline). In fact, the textual history of § 903.27(5) explicitly directed courts to § 903.26 as providing the grounds for setting aside forfeiture judgments. The pre-1986 version of § 903.27(5) stated: "Upon the filing of [a motion to set aside the judgment], the court may . . . set aside the judgment in whole or in part only for those reasons for which the forfeiture could have been discharged." *Id.* (1985). Under that version of the statute, Palmetto Surety's motion to set aside the judgment would have been granted expressly because it satisfied § 903.26(5)(b) and (c). The 1986 revision eliminated the set-aside statute's exclusive reliance upon the discharge conditions in § 903.26 as the basis for obtaining § 903.27(5)-based relief, effectively broadening its scope. *See* ch. 86-151, § 9 at 514, Laws of Fla. Conversely, the removal of these conditions cannot be considered to have narrowed the scope of relief available under § 903.27(5).

Palmetto Surety's argument is squarely grounded in a § 903.26(5)-based rationale that satisfies both the old and new

3

versions of § 903.27(5). Section 903.26(5) requires courts to discharge a forfeiture within 60 days if there is:

> (b) A determination that, at the time of the required appearance or within 60 days after the date of the required appearance, the defendant . . . was confined in any county . . . detention facility; . . . [or]
>
> (c) Surrender or arrest of the defendant . . . within 60 days after the date of the required appearance in any county . . . jail . . . and upon a hold being placed to return the defendant to the jurisdiction of the court. . . .

*Id.* Palmetto Surety met both of these conditions. In fact, the trial court noted that "it is undisputed as a matter of substance that discharge would have been required under §903.26(5)(b) or (c) because [the defendant] was confined in an institution or in jail with a hold for a return within 60 days of the date of the required appearance." Because Palmetto Surety's circumstances met the standard for discharging a forfeiture under § 903.26(5)(b) and (c), and its motion to set aside the judgment otherwise satisfied the standards for a § 903.27(5) motion, its motion should have been granted.

By contrast, the circuit court decided against setting aside the judgment for reasons not encompassed by the statutes. Of course, forfeitures are not favored by the courts of this state. *Boyle v. State*, 47 So. 2d 693 (Fla. 1950). And we reject the Clerk of Court's view, citing *American Bankers Ins.* Co., 558 So. 2d at 540, that only county-made "errors of substance or procedure leading up to the entry of judgment" could have allowed the forfeiture judgment to be set aside here under § 903.27(5). We see nothing in the text or structure of the statute that limits the availability of set-aside relief to government-made mistakes. In *American Bankers*, from which the Clerk draws its theory, the Third District noted that "[t]he *State contends* . . . that a motion to set aside the judgment under subsection 903.27(5) only allows the trial court to revisit errors of substance or procedure leading up to the entry of judgment." 558 So. 2d at 540 (emphasis added). But the court didn't adopt that rationale as part of its holding. Rather, the court held that the surety could not use § 903.27(5) to obtain relief from judgment on a belated surrender that would have been too late to

4

obtain a discharge under § 903.26(5). *American Bankers Ins*. Co., 558 So. 2d at 541. There, the surety did not surrender the defendant until 55 to 60 days after the final judgment was rendered – well after the deadline for any discharge of forfeiture under § 903.26(5). Whereas here, Palmetto Surety delivered the defendant into custody of the adjacent county jail, with an Escambia County hold, well *before* the judgment was entered and squarely within the period prescribed by § 903.26(5)(b) and (c). Thus, contrary to the Clerk's argument, we don't see that *American Bankers* calls for a different result here.

We therefore reverse the order on appeal. And because it is clear from the record that Palmetto Surety's motion would have been granted but for legal error, we remand for entry of an order granting its motion to set aside the final judgment of bond forfeiture.

REVERSED and REMANDED.

NORDBY and TREADWELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Lisa H. Colon, Miami, and Bruce S. Reich, Coral Springs, for Appellant.

Codey L. Leigh, Counsel for Escambia County Clerk of the Circuit Court and Comptroller, Pensacola, for Appellee.