ALBERT M. TRAVIS COMPANY, a corporation, *Plaintiff in Error,* vs. ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, *Defendant in Error.*

136 So. 884.

139 So. 141.

En Banc.

Opinion filed October 6, 1931.

Petition for rehearing denied January 4, 1932.

Ellis, J., dissenting.

*Dewey A. Dye,* of Bradenton, for Petitioner;
*Kelly & Shaw,* of Tampa, contra.

Buford, C.J.—In this case plaintiff in error sued the defendant in error, filing a declaration in two counts. The first count alleges damages by reason of breach of contract and the second count alleges damages by reason of tort. The defendant filed a plea to each count severally "that it is not guilty". The plea was sworn to as is required. The plaintiff filed praecipe for default to be entered by the Clerk for failure to plead to the first count of the declaration. The Clerk entered the default on the 4th day of December, 1922. On the 5th day of March, 1923, the defendant filed a motion praying an order setting aside and declaring void the default judgment entered by the Clerk. The motion was granted and the default was vacated and declared null and void by order of court dated the 6th day of March, 1923. Plaintiff filed motion to vacate that order which was denied. The Court in its order of March 6th authorized and permitted the defendant to plead on or before March 15th, 1923. On March 15th, 1923, defendant

filed seven (7) pleas which were responsive to the counts of the declaration to which they were respectively addressed. A demurrer to the pleas was over-ruled. On the 5th of September, 1927, a stipulation was filed in the following language, which stipulation was signed by the attorneys for both parties to the suit:

"It is stipulated and agreed by and between attorneys for the plaintiff and defendant in the above entitled cause, that the demurrer herein filed or to be filed to the amended additional pleas shall be presented to the court having jurisdiction, and that in event said demurrer is overruled that the plaintiff refuse to proceed further in the said cause, that final judgment in said cause will follow said ruling and that the Court overruling said demurrer shall have the right to dismiss the second count of the declaration herein filed, and that final judgment shall thereupon be entered on said demurrer in favor of the defendant and against the plaintiff.

Stipulated and agreed the 15th day of August A. D. 1927."

On the 27th day of January, 1931, the court made and entered the following order and judgment:

"This cause coming on this day to be heard upon the plaintiff's demurrer to the first, second and third additional amended pleas, which said demurrer was filed on September 5th, 1927, and the same having been presented to the court upon the stipulation herein filed, the court being duly advised in the premises, it is ordered and adjudged that the said demurrer be and the same hereby is overruled, and the plaintiff having asked that the second count of its declaration be dismissed, it is ordered that said second count be and the same hereby is dismissed and the court having offered leave to the plaintiff to file appropriate reply to the first, second and third additional amended pleas as it might be advised, and the plaintiff in open court declined and refused to file pleadings to said pleas, and refuses to proceed further in said cause, and it having been stipulated that final judgment in said cause shall follow the ruling of the court upon the demurrer, it is

Further ordered and adjudged that the plaintiff take nothing by its said action, and that the same be and it hereby is dismissed, and that said defendant shall go hence without day, and that said defendant Atlantic Coast Line Railroad Company, a corporation, do have and recover of and from the said plaintiff Albert M. Travis Company, a corporation, its costs in said cause which are here and now taxed in the sum of $20.71 for which sum let execution issue.

Done and ordered in Chambers in Bradenton, Florida, this 28th day of January A. D. 1931.''

The only question necessary for us to discuss is whether or not the default judgment entered by the Clerk was properly vacated.

The Clerk of the Circuit Court is not authorized to determine either the sufficiency or the applicability of a plea filed to a declaration. If the plea is in proper form for a plea and is sworn to the Clerk must accept it as a proper plea until it has been held otherwise by the court. The default having been entered by the clerk when a plea was on file to each count of the declaration the default was void and properly vacated and set aside by the court. For analogous cases see Hooker vs. Gallinger, 6 Fla. 3511; Sinclair vs. Gray, 9 Fla. 71; Glenn Falls Ins. Co. vs. Porter, 44 Fla. 568, 34 Sou. 473; Brash v. Ehrman, 56 Fla. 153, 47 Sou. 937; Cosmopolitan Life Ins. Co. vs. Boatright, 50 Fla. 232, 51 Sou. 540; King vs. Dekle, 53 Fla. 940, 43 Sou. 586; Cobb vs. Trammell, 73 Fla. 574, 74 Sou. 697.

In Mickler vs. Reddick, 38 Fla. 341, 21 Sou. 286, it was held:

"The Clerk of a Circuit Court has no authority to enter a judgment by default for want of a plea when one in due form and sworn to is on file in the cause, and should he do so, his act would be entirely void.

The limitation of sixty days in which default or judgments may be opened, as provided by the pleading act of 1873 (sec. 35, page 821 McClellan's Digest) does not apply to defaults or judgments entered by a Clerk of

the Circuit Court without legal authority and in violation of law.''

See also Ex parte Jones, 92 Fla. 1015, 110 So. 532.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., dissents.

ELLIS, J., dissenting:—Plea was a nullity. Why could not default be entered?

---

On petition for rehearing of an order affirming a judgment of the Circuit Court of Manatee County. Rehearing denied.

PER CURIAM.—A petition for rehearing suggests that the Court overlooked the case of McCrary Co. vs. Dade County, 80 Fla. 652; 86 Sou. Rep. 612, wherein this court stated the common law practice to be that where pleas in a common law action are not responsive, and are immaterial, whether true or false, that they do not affect the rights of either party, and that where such pleas are not applicable to a declaration on file, that ''plaintiff can ignore them and take a default.''

It is insisted that if the rule of the above case were applied to this one, that we must reverse the judgment rendered by the lower court instead or affirming it as we have done. This is on the theory that the plea of ''not guilty'' being interposed to a declaration of two counts, one of which sounded in contract and the other in tort, was a nullity as applied to the second count of the declaration, which was in tort, and therefore plaintiff was permitted to disregard the plea as to the second count and have a default entered BY THE CLERK as to that count, notwithstanding the plea was in proper form, sworn to and filed in due time TO THE ENTIRE DECLARATION.

There are two answers to the proposition urged by peti-

tioner in asking for a rehearing, (1) the plea in this case was by its express terms interposed to the *whole* declaration, to a part of which namely, the first count, it was admittedly a proper answer, thereby presenting a question of law for the court to decide as to its sufficiency to answer the whole declaration; (2) there is nothing in McCrary Company vs. Dade County, supra, which holds that the CLERK may enter defaults, the entry of which would involve construing different counts of a declaration. Where plaintiff wishes judgment entered on the face of the pleadings, a motion to that effect can be addressed to the court only, and to the court alone is given the power to entertain and decide it.

The power of a clerk of the Circuit Court to enter judgments by default is limited. Such power does not extend to a case where a single plea is filed to a declaration consisting of more than one count, such plea being intended and filed as an answer to the declaration as a whole, but is good only as to one count and not as to the other one.

The fact that a pleading at law is broader in scope than it can be legally applied as an answer to the opposite pleading, does not make such pleading a *complete* nullity, because it is admittedly good in part for the purpose of answer or defense. The object of a default is to reach a case where the defendant offers *no defense,* or one so frivolous and unfounded as to amount to the same thing. Some defaults can be entered by the clerk, while others can only be entered by the judge. The judge only is authorized to enter the default when the entry of the default involves questions of law which must be decided in the construction and application of the pleading, such as its sufficiency to constitute a *complete* reply to the opposite pleading, when it is undoubtedly good as a reply to a part.

The case presented here is a case in which only the judge could have entered a default. The pleading which

was good to a part of the declaration was not good to the whole of it, altho asserted as such, but this was not a question within the province of the *Clerk* to decide by entering default as for want of any plea at all.

The petition for a rehearing is denied.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., dissents.