G. A. BRAUER, *Appellant,* vs. B. B. PADDOCK, *Appellee.*
139 So. 146.
Division A.
Opinion filed January 11, 1932.

*Wm. G. King* and *Merle E. Rudy,* for Appellant;
*Donley & Williams,* for Appellee.

BUFORD, C.J.—This was a suit to set aside and cancel a sheriff's deed issued under execution in a suit instituted by attachment. The deed purported to convey the property which was levied on under the writ of attachment. There was answer, demurrer and cross bill filed to the bill of complaint. Answer was filed to the cross bill. Testimony was taken and a decree entered canceling the Sheriff's deed.

The record shows that suit by attachment was filed in the Circuit Court of Pinellas County on the 18th day of February, 1928, that writ of attachment issued and was levied upon the lands involved in the present suit. Declaration was filed on March 28, 1928. The writ of attachment directed the sheriff to summons the defendant W. E. Newlin to appear before the Court on the 5th day of

March. The return shows that the sheriff was unable to locate said defendant in Pinellas County. On April 2, 1928, Newlin filed motion to dismiss the attachment containing four grounds. The motion to dismiss constituted a general appearance of the defendant in attachment. Thereupon the court acquired jurisdiction of the res and of the person of the defendant. While the motion to dismiss was pending undisposed of a praecipe for default was filed, together with affidavit and proof of claim. Default was entered on the 8th day of May, 1928, by the Clerk acting through his deputy and on the 16th day of May final judgment was entered by the Clerk in like manner.

Under authority of the opinion and judgment in the case of Albert M. Travis Co. vs. A. C. L. Rwy. Co., filed at this term of the Court, the Clerk was without authority to enter a default or a judgment on default against the defendant while the motion to dismiss was pending and undisposed of, and, therefore, the default and the judgment entered thereon were both void. It follows, of necessity, that the sheriff's deed issued upon sale under execution which execution was based on the judgment entered by the Clerk was void; and there was no error in entering the final decree here complained of.

The record shows that the attachment proceedings are valid up to the period of the entry of the default by the Clerk and that suit now stands on the docket as if such void proceedings had not been had.

The final decree in this case does not attempt to adjudicate that the title claimed by Paddock, complainant in the court below, appellee here, is superior to the lien of attachment. This is a question which may be determined upon proper proceedings in the attachment suit. The decree should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.