HOBSON, T. FRANK, Jr., Associate Judge.
The respondent-plaintiff filed a sworn statement of claim in the small claims court praying for recovery of $285 as a purchase price of an automobile, sold by it to petitioner-defendant, plus interest and costs. The statement of claim and notice to appear were duly served upon petitioner-defendant. The notice to appear conformed to the form of notice set out in F.S.A. § 42.19, advised the defendant that a hearing was to be held, and gave the date, time and place of the hearing. It further advised the defendant that it would be required to be present at the hearing in order to avoid a default judgment against it. The pertinent portions of said notice were set forth as follows:
“The Court will hold a hearing on this claim on Wednesday May 12, 1965 at 10:00 o’clock A.M. in Small Claims Court Room at the Courthouse, Titusville, Florida.
“YOU ARE REQUIRED TO BE PRESENT AT THE HEARING IN ORDER TO AVOID A JUDGMENT BY DEFAULT AGAINST YOU.
“If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them with you at the time of the hearing.
“If you wish to have witnesses summoned, see the Clerk at once for assistance.
“If you admit the claim, but desire additional time to pay, you must come to the hearing in person and state the circumstances to the Court
*452 “You may come with or without an attorney.”
Pursuant to being; served with the above notice to appear and before the date of the hearing, the defendant filed an unverified motion to dismiss the cause for improper venue.
At the time and place set for the hearing plaintiff’s attorney appeared accompanied by a person to be called as a witness. No attorney nor any person appeared for the defendant. After reviewing the pleadings, including defendant’s motion to dismiss, and hearing the argument of plaintiff’s attorney against said motion, the court entered a final judgment by default against defendant in the sum of $285.
The defendant appealed to the circuit court, assigning as error the final judgment which it claimed was entered without the judge ruling on its motion to dismiss. The circuit court affirmed the judgment of the small claims court and the defendant seeks certiorari to review the order of the circuit court.
Defendant argues that, where a defendant has entered a general appearance by filing a motion to dismiss, the court cannot without hearing the motion and without notice to the defendant enter a default judgment on the merits against the defendant. Defendant bottoms its entire case upon the holding in Brauer v. Paddock, 1931, 103 Fla. 1175, 139 So. 146. Even though the Brauer case concerned a dismissal by the circuit court, the defendant insists that the precedent applies to the case sub judice, i. e., the same law applies equally to both circuit courts and small claims courts.
In a scholarly brief plaintiff argues that under Chapter 42, Florida Statutes Annotated, said case concerning the entry of a default judgment does not apply with equal force to the circuit and small claims courts. In addition to setting forth the background, nature and purpose of the small claims courts, plaintiff maintains that the “simplified procedure is at once the foremost distinguishing characteristic of the court and the indispensable requirement for its successful operation,” and that, should the rules of procedure governing courts of higher jurisdiction be imposed upon the small claims court, it would defeat the purpose for which the small claims court was designed, to-wit: “to provide a forum for the speedy trial of small claims cases.” Plaintiff further alleges that the Brauer case, supra, is not applicable because it contravenes the special provisions of Chapter 42 which govern the procedure in small claims courts. In essence the question resolves itself into the issue as stated by the plaintiff on appeal as follows:
“May a small claims court judge properly enter a final judgment against the defendant, by default, where the defendant has been duly served with notice to appear pursuant to Chapter 42, Florida Statutes, and the defendant has filed an unverified motion to dismiss the cause for improper venue, and the motion does not affirmatively show that venue is improper, and no personal appearance is made by or for the defendant at the scheduled hearing of the claim?”
We hold that the above question must be answered in the affirmative in consideration that the simplified procedures of the small claims courts should be allowed to function and achieve their special purpose instead of imposing the sometimes complex and burdensome pleading and motion practice procedures required by the 1954 Rules of Civil Procedure in other judicial tribunals. The 1954 Rules of Civil Procedure do not apply to small claims courts. See Rule A, 1954 Rules of Civil Procedure, 30 F.S.A. In fact, the specific purpose for enactment of the special provisions of Chapter 42, Florida Statutes Annotated, were designed to overcome the type of lengthy and time consuming pleading procedures outlined by the 1954 Rules of Civil Procedure.
*453 The notice herein clearly advised the defendant in bold type that it was required to be present at the hearing and it also advised it in clear and specific terms what the consequences would be if it failed to respond as required. This provision is reinforced and confirmed by Section 42.10(6) which provides:
“(6) The plaintiff shall be entitled to a judgment by default, without further proof, upon failure of defendant to appear, when the claim of the plaintiff is for a liquidated amount; when the amount is unliquidated, plaintiff shall be required to present proof of his claim.”
The consequences of plaintiff’s failure to appear may be equally serious. Section 42.12(3) provides:
“(3) If the plaintiff fails to appear, the suit may be dismissed for want of prosecution, or defendant may proceed to a trial on the merits, or the case may be continued as the judge may direct. If both parties fail to appear, the judge may continue the case, or order the same dismissed for want of prosecution, or make any other just and proper disposition thereof, as justice may require.”
The statute clearly and unambiguously contemplates that both parties are to appear at the time and place set for the hearing on the claim and that they be ready to submit their proofs.
Under the circumstances herein it would be manifestly unjust to say that, if the defendant fails, without explanation, to appear at the hearing, the court cannot properly enter a default judgment.
Certiorari denied.
ANDREWS, Acting C. J., and WALDEN, J., concur.