380 So.2d 1118 (1980)
Sam P. FERLITA, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1587.
District Court of Appeal of Florida, Second District.
March 5, 1980.
Larry C. Hoffman and J. Chesney Carson, Clearwater, for appellant.
Leslie M. Conklin, Asst. County Atty., Clearwater, for appellee.
*1119 OTT, Judge.
Appellant is a bail bondsman. He posted surety bonds in several cases in which the bail was declared forfeited when the defendant failed to appear. The clerk of the circuit court later entered judgment against the surety on each bond and the bondsman appeals. We vacate those judgments.
The narrow question presented here is whether the clerk had power to enter a judgment under Section 903.27, Florida Statutes (1973)[1] where the state attorney did not file a certified copy of the order of forfeiture, but instead merely presented his "memorandum" that the bail had been ordered forfeited.
Forfeitures are not favored in Florida and statutes allowing them are strictly construed. Resolute Insurance Co. v. State, 269 So.2d 770 (Fla. 3d DCA 1972); South American Fire Insurance Co. v. State, 270 So.2d 374 (Fla. 3d DCA 1972). Consequently, the statutory prerequisites established by the legislature for the orderly estreature and collection of bail bonds are to be "mandatorily followed." Ramsey v. State, 225 So.2d 182 (Fla. 2d DCA 1969). An order of forfeiture must be in writing and a certified copy thereof must be filed in the office of the clerk of the circuit court. When the specified procedure has been complied with, the clerk is authorized to enter a judgment against the surety. Ramsey, supra, at 185-86.
In the case at bench, the court below has ruled that the irregular procedure adopted by the state attorney and the circuit court clerk constituted "substantial compliance" with the statutory mandate. On the record before us, devoid as it is of any factor which would have prevented strict compliance with the essential requirements of the statute, we cannot agree with that conclusion.
In considering this aspect of the case, we begin with the truistic axiom that "strict compliance" requires a showing of strict compliance. Green v. Nashner, 216 So.2d 492 (Fla. 3d DCA 1968). Where strict compliance is required, the statute must be followed exactly in order to give the court jurisdiction to enter a judgment, and if there is a failure to do so, the purported judgment is void. McGee v. McGee, 156 Fla. 346, 22 So.2d 788 (1945). Substantial compliance is normally acceptable only where strict compliance has been rendered impossible by some cause for which the party charged with strict compliance is not responsible, such as the conduct of the other party. See, e.g., Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966); Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960). Particularly applicable to the case at bench is the rule that the doctrine of substantial compliance "leaves no room for dispensing with the directive provisions which are set out in a statute as the steps necessary to be taken." Conway v. Spence, 119 So.2d 426 (Fla. 3d DCA 1960).
Moreover, we think that even more literal adherence is required when a statute spells out the steps to be taken before the clerk of a court is authorized to enter a judgment. A clerk acts in a purely ministerial capacity, and has no discretion to pass upon the sufficiency of documents presented for filing. Albert M. Travis Co. v. Atlantic Coast Line R. Co., 102 Fla. 1117, 136 So. 884 (1931) rehearing denied 102 Fla. 1117, 139 So. 141; Corbin v. State ex rel. Slaughter, 324 So.2d 203 (Fla. 1st DCA 1976). His power to act must clearly appear from a particular statute and the record to which it applies. Pan American World Airways v. Gregory, 96 So.2d 669 (Fla. 3d DCA 1957).
Considered in the light of those rules, we think that a circuit court clerk is powerless to enter a judgment under Section *1120 903.27 unless and until he has received and filed a certified copy of an order of forfeiture. The filing of this initial document is the act which gives the circuit court jurisdiction to proceed under the statute,[2] and if the clerk attempts to act prematurely the judgment so entered is not merely voidable, but void. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). While we can find no precedent precisely on point, several parallel situations come to mind. The most analogous example is the power of a clerk to enter a default judgment. If the record does not reflect the statutory prerequisites to the clerk's power to act, the judgment so entered is void. Brauer v. Paddock, 103 Fla. 1175, 139 So. 146 (1932); St. Lucie Estates v. Palm Beach Plumbing Supply Co., 101 Fla. 205, 133 So. 841 (1931); Kroier v. Kroier, 95 Fla. 865, 116 So. 753 (1928).
The judgments are vacated and the cases are remanded to the circuit court for further proceedings consistent with the statute and this opinion.
SCHEB, Acting C.J., and RYDER, J., concur.
NOTES
[1] Section 903.27 reads in pertinent part as follows:

(1) If the forfeiture is not paid or discharged within thirty days and the bond is secured other than by money and bonds authorized in § 903.16 ... the state attorney . . shall file a certified copy of the order of forfeiture with the clerk of the circuit court for the county where the order was made. The clerk shall enter a judgment against the surety for the amount of the penalty and issue execution.
[2] The statutory scheme for estreature was designed to apply to different courts. Resolute Insurance Co. v. State, 289 So.2d 456 (Fla. 3d DCA 1974). When the case in which bail has been forfeited is pending in an inferior court, its order of forfeiture is the circuit court's first encounter with the matter. That situation both explains and lends significance to the statutory requirement that a certified copy of the order must be presented and filed. Since the legislature has not seen fit to specify a different requirement when only the circuit court is involved, we will not devise one on our own initiative.