383 So.2d 953 (1980)
O.H. OVERHOLSER and Nola Overholser, Appellants,
v.
Frances OVERSTREET, Trustee et al., Appellees.
No. 80-18.
District Court of Appeal of Florida, Third District.
May 20, 1980.
Charles B. Rich, Fort Lauderdale, for appellants.
Daniel P. Tunick, Miami, for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The defendants appeal from an order denying their motion to set aside a default entered against them in a mortgage foreclosure *954 proceeding.[1] The plaintiffs had been unsuccessful in securing service of process upon the defendants personally through the Sheriff of Dade County. Upon sworn affidavit, plaintiffs obtained the appointment of an elisor.[2] The elisor was also unsuccessful in serving the defendants personally and, based upon his affidavit of that fact, plaintiffs procured an order authorizing constructive service of process pursuant to Section 49.041(3)(c), Florida Statutes (1979). The notice of action published by the clerk required the defendants to file their answer on or before September 28, 1979. Default was entered by the clerk against the defendants on September 25, 1979.
Mr. Overholser discovered a copy of the notice of action in his mail during the second week of October 1979.[3] The notice of action was placed in the hands of his attorney who filed a motion to set aside the default on October 25, 1979. The motion was denied on November 26, 1979 and this interlocutory appeal was perfected to review that order.
In the notice of action, the court was required to fix a date by which the defendants were to file their written defenses. Such date is to be not less than twenty-eight nor more than sixty days after the first publication of the notice of action. § 49.09, Fla. Stat. (1979). In this case, the premature default entered by the clerk was void and subject to collateral attack. Kroier v. Kroier, 95 Fla. 865, 116 So. 753 (1928).
The clerk's authority is entirely statutory, and his official action, to be binding upon others, must be in conformity with the statutes. Security Finance Co. v. Gentry, 91 Fla. 1015, 109 So. 220 (1926). In Kroier v. Kroier, the court stated:
But where a special statutory authority or jurisdiction, which is more of a ministerial than of a judicial nature, is conferred upon the clerk of the court to render judgments which when lawfully entered become the judgments of the court, the statutory conditions precedent to the exercise of such authority must exist in order to legalize its exercise.
116 So. at 756.
The clerk's failure to track the requirements of the statute precluded the court from acquiring jurisdiction through constructive service of process. Under these circumstances, it was unnecessary for the defendants to demonstrate a meritorious defense as required by Florida Rule of Civil Procedure 1.540 in order to have the default vacated and set aside. Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla.3d DCA 1980); Mac Organization, Inc. v. Harry Rich Corp., 374 So.2d 81 (Fla.3d DCA 1979) and Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974).
For the foregoing reasons, the order denying the motion to set aside the default is reversed and the cause remanded for further proceedings.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(C)(iv).
[2] Fla.R.Civ.P. 1.070(b).
[3] We are cognizant of the fact that the clerk failed to note in the progress docket the date of mailing of the "notice of action" to the defendants as required under Section 49.12, Florida Statutes (1979). Additionally, the statute requires the "notice of action" to be mailed, postage prepaid, to the defendant within ten days after the making or posting of notice. This fact is supplied as a matter of information and is not deemed critical in the disposition of this case.