The Honorable Charlie Green Clerk of Courts Lee County Post Office Box 2469 Fort Myers, Florida 33902
Dear Mr. Green:
This is in response to your request for an opinion on substantially the following question:
 MAY THE CLERK OF THE CIRCUIT COURT MAINTAIN A SEPARATE "FELONY JUDGMENT" BOOK AS PART OF THE OFFICIAL RECORDS?
You state in your inquiry that your office, like those of many other clerks in Florida, maintains its Official Records on microfilm. However, you have noted that felony judgments recorded pursuant to s. 921.241, F.S., are "in many cases" ordered expunged under s. 943.058, F.S., and Rule 3.692, Fla.R.Crim.P. You further state that, when expungement is ordered, "it is a very difficult task to expunge the judgment from the mircofilm," while maintenance of a separate "felony judgment" book would facilitate compliance with such orders of expungement.
The clerk of the circuit court is recorder of all instruments required or authorized by law to be recorded in the county where he is clerk. Section 28.222(1), F.S. Section 28.222(2), F.S., provides in pertinent part that the clerk "shall record all instruments in one general series of books called `Official Records.'" (e.s.) Section 921.241(1), F.S., provides in pertinent part that "[e]very judgment of guilty or not guilty of a felony shall be . . . recorded by the clerk of the court." Cf., s.921.242(1), F.S. (requiring clerk to record judgments of guilt with respect to offenses governed by the provisions of Ch. 796, F.S.). See, AGO 84-47, concluding that the clerk is not required or authorized by law to record in the Official Records any criminal documents, papers, orders or records made or entered in criminal actions or proceedings other than those criminal judgments described and provided for in ss. 921.241 and 921.242, F.S.
While s. 28.222(2), F.S., directs the clerk to record instruments in "one general series of books," s. 696.05(1), F.S., provides in pertinent part that "the clerk of the circuit court may record any and all instruments filed for record by photographic process . . . including . . . microfilming. . . ." Although the language of this statute, particularly the phrase "any and all instruments," would seem to sanction or authorize the clerk to microfilm some instruments while not microfilming others, I am unable to conclude that the clerk of the circuit court is thus authorized by law to maintain a separate "felony judgment" book as part of the Official Records which are otherwise microfilmed.
Section 696.05, F.S., was last amended in 1970. See, s. 28, Ch. 70-134, Laws of Florida, amending s. 696.05(2), F.S. 1969, to provide that the service charges imposed "shall be as provided in section 28.24, Florida Statutes." At that time, Ch. 28, F.S. 1969, provided alternative methods for the clerk of the circuit court to record instruments for which recording was required. Section 28.22, F.S. 1969, provided that for purposes of recording the clerk keep 11 statutorily designated books, records, or indexes of various instruments required by law to be recorded. Section 28.221(1), F.S. 1969, provided as an alternative method, "[i]n lieu of the separate books now required to be kept by the clerks of the circuit courts for the purpose of recording each kind or class of instrument which they are or hereafter may be required by law to record, said clerks . . . may record any or all of these instruments in one general series of books to be called `Official Records'." The Legislature subsequently repealed ss. 28.22 and 28.221, F.S. 1969. See, s. 5, Ch. 71-4, Laws of Florida. Section 2 of Ch. 71-4, supra, created s. 28.222, F.S., which directs the clerk to record all instruments in one general series of books called Official Records and authorizes the clerk to "maintain a separate book for maps, plats, and drawings recorded pursuant to chapters 177, 253, and 337." Additionally, s. 2 of Ch. 71-4 enacted subsection (6) of s. 28.222, F.S. 1971 (later repealed by s. 24 of Ch. 81-259, Laws of Florida, a revisor's bill noting that such subsection "has had its effect") specifically providing as follows:
 On January 1, 1972, any clerk of the circuit court who has not heretofore adopted "Official Records" instead of separate books for the recording of instruments shall change to "Official Records" and otherwise conform with this section. (e.s.)
It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of things not mentioned — expressio unius est exclusio alterius. Orr v. Trask,464 So.2d 131 (Fla. 1985); Thayer v. State, 335 So.2d 815
(Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234
(Fla. 1944). Moreover, a statutory direction as to how a thing is to be done constitutes an implied prohibition as to its being done in any contrary manner. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944).
Accordingly, to the extent that s. 28.222, F.S., requires the clerk of the circuit court to "record all instruments in one general series of books called `Official Records'" and expressly authorizes the maintenance of a separate book only for "maps, plats, and drawings," and in view of the express direction in Ch. 71-4, Laws of Florida, for the adoption by clerks of the "Official Records" system "instead of separate books" and the requirement of conformity with s. 28.222 therein, it does not appear that the clerk of the circuit court is authorized by law to maintain a separate "felony judgment" book or any other separate book as part of the Official Records except as expressly authorized by s.28.222. See, Security Finance Co. v. Gentry, 109 So. 220
(Fla. 1926); Ferlita v. State, 380 So.2d 1118 (2 D.C.A.Fla., 1980); Overholser v. Overstreet, 383 So.2d 953 (3 D.C.A.Fla., 1980); AGO 79-70 (clerk's authority is entirely statutory and his official action must be in conformity with statutes). See also, Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. denied, 300 So.2d 900 (Fla. 1974) (if doubt exists as to the existence of authority, it should not be assumed).
Therefore, unless and until legislatively or judicially determined otherwise, I am of the view that the clerk of the circuit court is not authorized by law to maintain a separate "felony judgment" book as part of the Official Records.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General