The Honorable Daun Crews Clerk of Circuit Court Jackson County Post Office Drawer 510 Marianna, Florida 32446
Dear Mr. Crews:
This is in response to your request for an opinion on substantially the following questions:
 1. IS THE CLERK OF THE CIRCUIT COURT AUTHORIZED BY LAW TO RECORD A NOTICE OR CLAIM OF HOSPITAL LIEN EXECUTED IN THE STATE OF ALABAMA IN THE OFFICIAL RECORDS OF THE COUNTY?
 2. MUST ALL RECORDINGS OF LIENS BE THOSE AGAINST REAL OR PERSONAL PROPERTY?
You have enclosed with your inquiry two affidavits of hospital lien executed in the State of Alabama and relating respectively to a resident of Jackson County, Florida, and a resident of Geneva, Alabama. Each affidavit states in pertinent part as follows:
 Notice is hereby given that as provided in Code of Alabama, 1975, Title 35-11-371, that Flowers Hospital of Dothan, Alabama, does hereby claim a lien upon any and all causes of action, claims, counterclaims, and demands accruing to FLOWERS HOSPITAL [sic], to whom hospital care, treatment or maintenance was furnished or accruing to the legal representative of FLOWERS HOSPITAL [sic], and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care.
Section 28.222, F.S., provides in pertinent part as follows:
 (1) The clerk of the circuit court shall be the recorder of all instruments that he may be required or authorized by law to record in the county where he is clerk.
* * *
 (3) The clerk of the circuit court shall record the following kinds of instruments presented to him for recording, upon payment of the service charges prescribed by law:
 (a) Deeds, leases, bills of sale, agreements, mortgages, notices or claims of lien, notices of levy, tax warrants, tax executions, and other instruments relating to the ownership, transfer, or encumbrance of or claims against real or personal property or any interest in it; . . . . (e.s.)
QUESTION ONE
Section 28.222(3)(a), F.S., does not distinguish between notices or claims of lien executed in Florida and notices or claims of lien executed in another state, such as Alabama; it merely provides that a clerk of the circuit court shall record notices or claims of lien in the official records. Compare, s. 28.222(3)(c), F.S. (judgments entered by any court of this state or by United States court having jurisdiction in this state shall be recorded on presentation to clerk and payment of service charges). An express statutory direction as to how a thing is to be done precludes doing it in any contrary manner. Alsop v. Pierce,19 So.2d 799 (Fla. 1944). Inasmuch as s. 28.222(3)(a) directs that the clerk of the circuit court shall record the instruments therein enumerated, including notices or claims of lien, without distinction as to whether such instruments were executed within or outside of the State of Florida, it would appear that the clerk is authorized and required to record such notices or claims of lien, including those executed outside of the State, presented to him for recording, upon payment of the service charges prescribed by law. See, Neal v. Bryant, 149 So.2d 529 (Fla. 1962) (word "shall" in a statute has, according to its normal usage, a mandatory connotation). And see, Albert M. Travis Co. v. Atlantic Coast Line R. Co., 136 So. 884 (Fla. 1931); Ferlita v. State, 380 So.2d 1118
(2 D.C.A.Fla., 1980) (clerk acts in purely ministerial capacity and has no discretion to pass upon sufficiency of documents presented for filing). See also, AGO's 84-47, 75-309 and 75-214 (clerk required to record in Official Records those instruments enumerated in s. 28.222, F.S., or other laws).
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that the clerk of the circuit court is authorized and required by law to record a notice or claim of hospital lien executed in the State of Alabama in the Official Records of the county.
QUESTION TWO
Your second question appears to suggest that you are unsure as to whether the affidavits of hospital lien enclosed with your inquiry are "claims against real or personal property or any interest in it" for purposes of the general class of instruments enumerated in s. 28.222(3)(a), F.S., which shall be recorded by the clerk of the circuit court. In modern usage, however, property is divided into two classes, real and personal. 73 C.J.S. Property s. 14. These terms are commonly used to denote property of all kinds. Id. For example, a "chose in action," defined as the right to recover a personal chattel or a sum of money by action, is personal property. 73 C.J.S. Property s. 22. In Florida, a "chose in action" has been defined as a right to personal things of which the owner does not have the possession, but merely a right of action for their possession. Spears v. West Coast Builders' Supply Co., 133 So. 97 (Fla. 1931). Moreover, "[a] lien in its broadest sense . . . may be enforced on either real or personal estate, including money in the hands of third persons." 53 C.J.S. Liens s. 7 (citations omitted). See also, 53 C.J.S. Liens s. 1 ("lien is a claim or charge on property as security for the payment of a debt or the fulfillment of some obligation"); Case v. Texas Co.,156 So. 137, 141 (Fla. 1934) (lien "is a charge upon property for the payment or discharge of a debt or duty").
Accordingly, the affidavits of hospital lien enclosed with your inquiry appear to be claims of lien against the personal property therein enumerated, i.e., "causes of action, claims, counterclaims, and demands accruing to FLOWERS HOSPITAL . . . or accruing to the legal representative of FLOWERS HOSPITAL, and . . . all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care." However, with reference to your second question in its most general sense, and in the absence of any specific lien or notice or claim of lien purporting to operate against other than real or personal property, I can only conclude that it would appear that a recording of lien must necessarily be against real or personal property since, by definition above, a lien is a claim or charge against property and may be enforced against real or personal estate.
In sum, then, it is my opinion that:
 (1) Unless and until legislatively or judicially determined otherwise, the clerk of the circuit court is authorized and required by law to record a notice or claim of hospital lien executed in the State of Alabama in the Official Records of the county.
 (2) In the absence of any specific lien or notice or claim of lien purporting to operate against other than real or personal property, it would appear that a recording of lien, by definition, must necessarily be against real or personal property.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General