The Honorable Freda Wright Clerk Circuit Court and Recorder Indian River County Post Office Box 1028 Vero Beach, Florida 32961-1028
Dear Ms. Wright:
This is in response to your request for an opinion on substantially the following question:
 MAY THE CLERK OF THE COURT IN PROVIDING COPIES OF COMPUTER SOFTWARE PROGRAMS PRODUCED BY THAT OFFICE RECOUP SOME OF THE IN-HOUSE COSTS INVOLVED IN WRITING SUCH COMPUTER PROGRAMS?
In AGO 86-94, this office was faced with the question of whether the clerk of the circuit court could copyright computer programs which had been developed by office staff for certain financial and accounting functions. That opinion concluded that the clerk does not have the authority to copyright such computer programs. This office further concluded, in AGO 86-94, that the computer programs were subject to Florida's Public Records Law, Ch. 119, F.S., and must be disclosed and permitted to be copied unless such program could be classified as "sensitive agency-produced data processing software." See, s. 119.07(3)(r), F.S. You query in general whether computer programs produced by local governments are considered in the public domain and must be made available to other units of local government on a no-charge basis. This office, as a matter of authority and policy, can only comment on the clerk's power and duties and responsibilities, and not on the authority and duties and responsibilities of other public officers not presently seeking the opinion of the Attorney General. You wish to know whether your office may recoup some of the in-house costs involved in developing the agency's program. Applying pertinent rules of law applicable the clerk, I am constrained to conclude, unless and until legislatively provided otherwise, that you have no authority to recoup such costs.
The clerk of the circuit court is a county officer whose powers, duties and responsibilities are fixed by law. See, s. 5(c), Art. II, and s. 1(d), Art. VIII, State Const.; Alachua County v. Powers, 351 So.2d 32, 35 (Fla. 1977). The clerk's authority and power is limited to that which is expressly provided by law, or which is clearly necessary to give meaning and effect to such duties and responsibilities which have been expressly granted. See, Overholser v. Overstreet, 383 So.2d 953 (3 D.C.A. Fla., 1980) (clerk's authority is entirely statutory, and his official action to be binding upon others, must be in conformity with such statutes); Ferlita v. State, 380 So.2d 1118 (2 D.C.A. Fla., 1980) (clerk of court's power to act must clearly appear from particular statute). See also, AGO's 86-94, 78-95 and 75-161. If there is any doubt as to the existence of authority to do a particular thing, it should not be assumed. Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944).
As stated above, this office in AGO 86-94 concluded that computer software programs developed by a public agency were subject to the Public Records Law, Ch. 119, F.S. Section 119.07(1)(a), F.S., requires the custodian of public records to furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, upon payment of the actual cost of duplication. That provision defines the phrase "actual cost of duplication" to mean "the cost of the material and supplies used to duplicate the record, but . . . [not] the labor cost or overhead cost associated with such duplication." And see, s. 119.07(1)(b), F.S., which provides that if the nature or volume of public records requested to be inspected, examined, or copied is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency involved, or both, the agency may charge, in addition to the actual cost of duplication, a special service charge based upon the cost incurred for such extensive use of information technology resources or the labor cost of the personnel providing the service. The general laws pertaining to the clerks of the circuit court, contained in Ch. 28, F.S., setting forth the powers and duties of the office, contain no provision authorizing the clerk to charge a fee for providing a copy of computer software in order to recoup the costs involved in developing the program. Nor has any other general or special law expressly authorizing such charge been brought to the attention of this office. Cf., s. 28.24, F.S., prescribing service charges the clerk shall make for providing enumerated services and copies. A service charge for providing copies of in-house computer programs are not among the enumerated matter. See also, AGO 85-80 concluding that service charges enumerated in s. 28.24(8)(a) are not applicable to such unrecorded documents as the minutes of public meetings, resolutions or budgets which may be in the custody of the clerk of the circuit court as ex officio clerk of the board of county commissioners. The rule of construction, expressio unius est exclusio alterius, the express mention of one thing implies the exclusion of other things not mentioned would apply to this situation. See, Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944); Devin v. City of Hollywood, 351 So.2d 1022
(4 D.C.A. Fla., 1976). In the absence of a statute specifying a fee which may be charged and except as provided in s. 119.07(1), F.S., there is no authority for the clerk to recoup in-house costs for writing computer programs.
I am therefore of the opinion that, unless and until legislatively amended otherwise, the clerk of the circuit court does not have the authority to charge a fee, other than the actual cost of making the copy, for providing copies of computer software programs in order to recoup the costs associated with writing such programs.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General