Victor J. Troiano Attorney for Polk County Clerk of Circuit and County Courts
QUESTION:
May the clerk of court record a copy of a death certificate in the official records when it contains information made confidential by s. 382.008(6), F.S.?
SUMMARY:
Absent statutory authority or judicial direction, the clerk of court may not accept and record death certificates into the official records.
Section 382.008(6), F.S., makes the cause-of-death section of all death records and the parentage, marital status, and medical information included in all fetal death records confidential and exempt from the disclosure provisions of s. 119.07(1), F.S., except as provided in s. 382.025(4), F.S. Section 382.025(4), F.S., allows a copy of the death certificate or fetal death certificate, including the confidential portions, to be issued to specific individuals or entities, such as the registrant's immediate family or guardian.[1] You state that the clerk of county and circuit courts has been presented with official copies of death certificates which contain confidential information to be recorded in the official records.
Pursuant to s. 28.222(1), F.S., "[t]he clerk of the circuit court shall be the recorder of all instruments that he may be required or authorized by law to record in the county where he is clerk." Section 28.222(3), F.S., provides as follows:
 The clerk of the circuit court shall record the following kinds of instruments presented to him for recording, upon payment of the service charges prescribed by law: (a) Deeds, leases, bills of sale, agreements, mortgages, notices or claims of lien, notices of levy, tax warrants, tax executions, and other instruments relating to the ownership, transfer, or encumbrance of or claims against real or personal property or any interest in it . . . . (b) Notices of lis pendens . . . . (c) Judgments . . . . (d) That portion of a certificate of discharge, separation, or service which indicates the character of discharge, separation, or service of any citizen of this state with respect to the military, air, or naval forces of the United States. . . . (e) Notices of liens for taxes payable to the United States, and certificates discharging, partially discharging, or releasing the liens, in accordance with the laws of the United States. (f) Certified copies of petitions . . . commencing proceedings under the Bankruptcy Act of the United States . . . . (g) Any other instruments required or authorized by law to be recorded. (e.s.)
The use of the term "shall" in a statute, in normal usage, connotes a mandatory action.[2] Furthermore, the courts of this state have generally held that the clerk of the court acts in a purely ministerial capacity as authorized by law and has no discretion to determine the sufficiency of documents presented to him or her for filing.[3]
This office has concluded that if an instrument is entitled to be recorded, it must be recorded by the clerk if it is properly executed and the clerk's fee is paid.[4] Thus, the clerk has no discretion to refuse to record instruments which are entitled to be recorded by law.
This office also has stated, however, that the clerk of court may not accept for recording in the official records any document which the law does not authorize or require him or her to record. In AGO 90-69, this office was asked to address whether the clerk of court must record documents not identified in s. 28.222, F.S., such as living wills, child custody agreements between parties without court approval, foreign state birth certificates, foreign country birth certificates and documents in a foreign language without an English translation. The opinion addressed the limitation upon the authority of the clerk to perform only those duties authorized by law and acknowledged the statutory direction that the clerk record "all instruments that he may be required or authorized by law to record in the county where he is clerk." Based upon these considerations, this office concluded that the clerk is not authorized to record any document or instrument which is not specifically required or authorized to be recorded by s.28.222, F.S., or by law.[5]
I have not found, nor have you directed my attention to, any statutory requirement or authorization for the clerk of court to record death certificates.[6] Pursuant to s. 28.223, F.S., the clerk of court is required to record certain probate documents, such as wills and codicils, orders revoking the probate of any wills and codicils, letters of administration, orders affecting or describing real property, final orders, and orders of final discharge filed in the clerk's office. Section 28.223(1), F.S., states, however, that "[n]o other petitions, pleadings, papers, or other orders relating to probate matters shall be recorded except on the written direction of the court." While a copy of an official record of the death of an individual must be filed in a probate court file,[7] there is no authority, absent direction from the court, for the clerk to record a death certificate in the official public records.[8]
[1] Included in those who may be provided official copies of death certificates containing confidential portions are the representatives of the family or guardian, or any agency of the state or United States for official purposes upon approval of the Department of Health and Rehabilitative Services, or upon order of any court of competent jurisdiction.
[2] See, e.g., Neal v. Bryant, 149 So.2d 529 (Fla. 1962).
[3] See, Ferlita v. State, 380 So.2d 1118 (2 D.C.A. Fla., 1980). And see, Pan American World Airways v. Gregory,96 So.2d 669 (3 D.C.A. Fla., 1957).
[4] See, AGO 75-309 (clerk is required to record any deed properly executed upon proper payment of the clerk's service charge if such deed is otherwise entitled to recordation under s.28.222, F.S.). And see, AGO 67-6 (clerk has no duty, responsibility or authority to examine an instrument presented for filing to deter-mine if the requisites of the Uniform Commercial Code have been met except that statute requires clerk to insure that instrument contains a statement to the effect that the documentary stamp tax has been paid).
[5] Compare, e.g., s. 28.223, F.S. (recording of all wills and codicils admitted to probate, orders revoking the probate of wills and codicils, letters of administration, orders affecting or describing real property, final orders, and orders of final discharge filed in his office); s. 28.29, F.S. (recording of orders and judgments of the courts in the official records); s.55.10, F.S. (liens on real estate when a certified copy of a judgment, order, or decree is recorded in the official records); s. 741.09, F.S. (recording of all marriage licenses issued).
[6] Section 382.008(1), F.S., requires a certificate of death or birth which occurs in this state to be registered with the local registrar of the district in which the death or birth occurred.
[7] See, s. 731.103, F.S., providing that an authenticated copy of a death certificate issued by an official or agency of the place where the death purportedly occurred is prima facie proof of the fact, place, date, and time of death and the identity of the decedent. And see, Rule 5.205, Florida Probate Rules, requiring that a copy of an official death certificate of the death of a decedent to be filed by the personal representative, if any, or the petitioner.
[8] Cf., s. 28.2401(4), F.S., requiring the recording of all petitions opening and closing an estate; petitions regarding real estate; and orders, letters, bonds, oaths, wills, proofs of wills, returns, and such other papers as the judge shall deem advisable to record or that shall be required to be recorded under the Florida Probate Law. None of the preceding documents, however, are required to contain a copy of a death certificate.