Mr. David G. Conn Attorney for the Clerk of the Circuit Court St. Johns County 100 Southpark Boulevard Suite 308 St. Augustine, Florida 32086-5118
Dear Mr. Conn:
On behalf of The Honorable Carl "Bud" Markel, Clerk of the Circuit Court for St. Johns County, you ask substantially the following question:
May the clerk of court appoint employees of a bank as deputies for the sole purpose of issuing marriage certificates on the bank's premises?
In sum:
The Legislature has directed that deputy clerks appointed by a clerk of court possess all powers that may be exercised by the clerk, except the power to appoint deputies. Absent a statutory provision granting the clerk the discretion to appoint special deputies with specific powers, the clerk may not appoint deputies for the sole purpose of issuing marriage certificates.
You state that the Clerk of Circuit Court wishes to contract with one or more banks to have an employee appointed as a deputy clerk for the sole purpose of issuing marriage licenses. The clerk would pay no compensation to the individual or the bank, nor would the person seeking a marriage license pay a service charge to the bank or to the deputy clerk. The service would be offered for the convenience of the public. Fees collected by the deputy clerk would be paid to the clerk of court. You indicate that the bank would provide workers' compensation and liability insurance coverage.
Section 28.06, Florida Statutes, provides:
The clerk of the circuit court may appoint a deputy or deputies, for whose acts he shall be liable, and the said deputies shall have and exercise each and every power of whatsoever nature and kind as the clerk himself may exercise, excepting the power to appoint a deputy or deputies.
This office has previously stated that the clerk of circuit court, while a constitutional officer, possesses only such powers as have been expressly or by necessary implication granted by statute.[1]
The clerk's power to act, therefore, must clearly be derived from a particular statute.[2]
The statutory authority for the clerk to appoint a deputy or deputies states that such an appointee shall have the full powers of the clerk, with the exception of the power to appoint a deputy. The Legislature has directed the manner in which a clerk of court may appoint a deputy or deputies and prescribed the extent of the powers possessed by such an appointee, thereby precluding such an appointment in any other way.[3]
Accordingly, the clerk of court does not have the authority to limit the powers that may be exercised by a deputy clerk by appointing a deputy whose only power is to issue marriage licenses.[4] Moreover, section 28.06, Florida Statutes, makes the clerk of court liable for all official acts of the deputy clerks. While your proposal contemplates that the bank would provide liability insurance for the bank employees who are appointed as deputy clerks, the clerk of court remains liable by statute for the actions of his or her deputies and this responsibility may not be abrogated.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Ops. Att'y Gen. Fla. 90-69 (1990), 86-38 (1986), 80-59 (1980), 79-70 (1979), and 78-95 (1978).
[2] See, Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980) and Pan American World Airways v. Gregory, 96 So.2d 669 (Fla. 3d DCA 1957).
[3] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when the Legislature directs how a thing shall be done, it is in effect a prohibition against its being done in any other way).
[4] Cf., s. 30.09, Fla. Stat. (1993), authorizing the sheriff to appoint special deputy sheriffs under specified circumstances in which the special deputies may exercise limited authority.