WHATLEY, Judge.
Alfreda Ellsworth appeals her judgment and sentence for failure to redeliver hired or leased personal property, arguing that the trial court erred in denying her motion to dismiss. Ellsworth asserted in her motion that her lease agreement did not contain the language necessary to maintain a prosecution pursuant to section 812.155(6), Florida Statutes (2009).[1] We agree with Ellsworth that her motion to dismiss should have been granted and we reverse.
Section 812.155(6) provides as follows:
NOTICE REQUIRED. — As a prerequisite to prosecution under this section, the following statement must be contained in the agreement under which the owner or person lawfully possessing the property or equipment has relinquished its custody, or in an addendum to that agreement, and the statement must be initialed by the person hiring or leasing the rental property or equipment:
Failure to return rental property or equipment upon expiration of the rental period and failure to pay all amounts due (including costs for damage to the property or equipment) are evidence of abandonment or refusal to redeliver the property, punishable in accordance with section 812.155, Florida Statutes.
The language in the rental agreement which Ellsworth signed differs slightly from the statute. The agreement provides as follows: “Failure to return rental property or equipment upon expiration of the rental period and failure to pay all amounts due (including costs for the damage to the property or equipment) are prima facie evidence of intent to defraud, punishable in accordance with section 812.155, Florida Statutes.” (Emphasis added.) We note that section 812.155(6) was amended in 2006, but the rental agreement tracks the language required by the previous version of the statute. Ch. 2006-51, § 3, at 884-85, Laws of Fla.
In 2006, the section of the statute defining the crime of failure to redeliver hired or leased personal property was similarly amended to replace the language pertaining to “intent to defraud” and now states,
FAILURE TO REDELIVER HIRED OR LEASED PERSONAL PROPERTY. — Whoever, after hiring or leasing any personal property or equipment un *1078 der an agreement to redeliver the same to the person letting such personal property or equipment or his or her agent at the termination of the period for which it was let, shall, without the consent of such person or persons knowingly abandon or refuse to redeliver the personal property or equipment as agreed, shall, upon conviction, be guilty of a misdemeanor of the second degree, ... unless the value of the personal property or equipment is of a value of $300 or more; in that event the violation constitutes a felony of the third degree....
§ 812.155(8) (emphasis added).
Section 812.155(4)(b) creates a permissive inference that failure to redeliver the property is evidence of abandonment or refusal to redeliver such property. See State v. Rygwelski, 899 So.2d 498, 503-04 (Fla. 2d DCA 2005) (holding that section 812.155(4)(b) creates a permissive inference, not a mandatory presumption). Section 812.155(4)(b) specifically provides that the “failure to redeliver the property or equipment within 5 days after receipt of, or within 5 days after return receipt from, the certified mailing of the demand for return is evidence of abandonment or refusal to redeliver the property.” The language required to be included in the rental agreement by subsection (6) informs the renter that the failure to redeliver the property will create this permissive inference.
In the present case, the trial court denied Ellsworth’s motion to dismiss based on its finding that the rental agreement substantially complied with section 812.155(6). On appeal, Ellsworth contends that substantial compliance with the statute was not sufficient. We agree. Criminal statutes generally “must be strictly construed according to their letter.” State v. Byars, 823 So.2d 740, 742 (Fla.2002) (quoting Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991)). “The doctrine that mandates construing statutes in favor of the accused also requires that courts give effect to the language and intent of the Legislature in its interpretations of statutes.” 823 So.2d at 742.
When analyzing a statute, courts look to legislative intent and to determine such intent, the language and plain meaning of the statute must be examined first. Fla. Dep’t of Children & Family Servs. v. P.E., 14 So.3d 228, 234 (Fla.2009). When the statutory language is clear, courts may not explore legislative history nor apply canons of statutory construction. Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005).
We conclude that the language and plain meaning of section 812.155(6) is clear. The first sentence unambiguously states that as “[a]s a prerequisite to prosecution,” the agreement “must” contain the required language.[2] Such required language informs the consumer that a permissive inference will arise from her failure to return the property, i.e., that such failure is “evidence of abandonment or refusal to redeliver the property,” which is an element of the offense. See § 812.155(3). The agreement at issue in the present case incorrectly states that the failure to return the property is “prima facie evidence of intent to defraud”; however, as noted above intent to defraud is no longer an element of the crime.
*1079 In Ferlita v. State, 380 So.2d 1118, 1119 (Fla. 2d DCA 1980), this court examined whether the clerk of court could enter a judgment pursuant to section 903.27, Florida Statutes (1973), when the State failed to file a certified copy of an order of forfeiture as required by statute, but instead only presented a memorandum that the bail had been ordered forfeited. In Ferli-ta, the trial court concluded that the procedure used by the State and the clerk constituted “substantial compliance” with the statutory requirement. Id. This court reversed, holding as follows:
Where strict compliance is required, the statute must be followed exactly in order to give the court jurisdiction to enter a judgment, and if there is a failure to do so, the purported judgment is void. Substantial compliance is normally acceptable only where strict compliance has been rendered impossible by some cause for which the party charged with strict compliance is not responsible, such as the conduct of the other party.
Id. (citations omitted).
In Kinder v. State, 779 So.2d 512, 514 (Fla. 2d DCA 2000), this court noted that when a statute uses a term like “shall,” it is “generally mandatory, although it may be merely directory under appropriate circumstances.” This court held that the language will be “interpreted to be mandatory where it refers to some action preceding the possible deprivation of a substantive right,” but it will be considered to be directory if it relates to an “immaterial matter in which compliance is a matter of convenience.” Id. In the present case, the language refers to an action preceding the possible deprivation of a substantive right: “As a prerequisite to prosecution under this section, the following statement must be contained in the agreement....” § 812.155(6). Therefore, because the statute is mandatory and not merely directory, the ¡trial court erred in ruling that only substantial compliance with the statute was required.[3]
Accordingly, we reverse Ellsworth’s convictions and sentences and remand with directions that the trial court discharge Ellsworth.
DAVIS and WALLACE, JJ., Concur.

. Judicial interpretation of this statute is a pure question of law and we must therefore use a de novo standard of review. See Johnson v. State, 78 So.3d 1305, 1310 (Fla.2012).

. Although we believe that the legislative intent is clear from the language of the statute, we would note that the House of Representatives Committee on Crime and Punishment Bill Analysis for HB 1317 (May 13, 1998) states that ”[i]n order for a prosecutor to use the presumptions permitted by the bill the person renting or leasing the property must initial the following statement in the contract. ...”

. If the requirements of section 812.155 have not been met, a person who fails to return rental property may still be charged with theft under section 812.014, Florida Statutes (2009), but the State would not be entitled to use the presumptions provided in section 812.155.