LAGOA, J.
Jose Cardoza (“Cardoza”) and Continental Heritage Insurance Company (“Continental”) (collectively, “Appellants”), appeal an Order Denying Surety’s Motion to Vacate Judgment. For the following reasons, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
On June 22, 2009, Cardoza was arrested and charged with several offenses. On June 23, after making his first court appearance, Cardoza was released from custody upon posting a $5000 appearance *1218 bond; Dade County Bail Bond was the surety agent for Continental.[1] Upon Car-doza’s failure to appear at the July 13 arraignment, the trial court issued an alias capias and forfeited the bond. On July 14, the Clerk of the Circuit Court notified the surety agent and Continental that the bond was forfeited.
On August 6, Cardoza was stopped for a traffic offense in Miami-Dade County. As a result of that stop, Cardoza was arrested and transported to the Turner Guilford Knight Pre-Trial Detention Center. The next day, August 7, Cardoza pled guilty to the charge pertaining to the bond. The trial court withheld adjudication and sentenced Cardoza to probation. The case was then closed. Contrary to section 903.26(8), Florida Statutes (2009), however, the Clerk did not discharge the forfeiture of the bond.
Instead, on September 15, the Clerk entered a final judgment of bail forfeiture against Continental for $5000, plus costs and interest, pursuant to section 903.27(1), Florida Statutes (2009). Shortly thereafter, Continental and Dade County Bail Bond filed a motion to vacate the judgment, arguing, inter alia, that the Clerk erroneously sent the forfeiture to final judgment. In its response, the Clerk objected to vacating the judgment and asserted that Continental was required to deposit the judgment amount in escrow if it wished to vacate the judgment. See § 903.27(5), Fla. Stat. (2009).[2] The trial court denied the motion to vacate and this appeal ensued.
II. ANALYSIS
On appeal, Appellants contend that the trial court erred in ruling that the surety must pay the judgment amount in escrow, as the Clerk acted outside its authority in failing to discharge the forfeiture and sending the forfeiture to judgment. Additionally, Appellants assert that the judgment is void and they were not required to pay the judgment amount in escrow. We agree.
Because forfeitures are not favored, “the statutory prerequisites established by the legislature for the orderly estreature and collection of bail bonds are to be ‘mandatorily followed.’ ” Ferlita v. State, 380 So.2d 1118, 1119 (Fla. 2d DCA 1980) (quoting Ramsey v. State, 225 So.2d 182, 185 (Fla. 2d DCA 1969)). In some circumstances, the failure to abide by the statutory scheme results in the issuance of a void judgment. Indeed, in Overholser v. Overstreet, 383 So.2d 953, 954 (Fla. 3d DCA 1980), this Court held that “[t]he clerk’s authority is entirely statutory and his official action, to be binding upon others, must be in conformity with the statutes.” This Court further held that the Clerk’s failure to track the requirements of a statute rendered its premature entry of a default void and subject to collateral attack. Id. In reaching this conclusion, this Court quoted the Florida Supreme Court’s decision in Kroier v. Kroier, 95 Fla. 865,116 So. 753, 756 (1928):
[Wjhere a special statutory authority or jurisdiction, which is more of a ministe *1219 rial than of a judicial nature, is conferred upon the clerk of the court to render judgments which when lawfully entered become the judgments of the court, the statutory conditions precedent to the exercise of such authority must exist in order to legalize its exercise. Overholser, 383 So.2d at 954.
Here, the statutory condition to the exercise of the Clerk’s authority to send the forfeiture to judgment did not exist. Section 903.26(8) provides, in pertinent part:
If the defendant is arrested and returned to the county of jurisdiction of the court prior to judgment, the clerk, upon affirmation by the sheriff or the chief correctional officer, shall, without further order of the court, discharge the forfeiture of the bond. However, if the surety agent fails to pay the costs and expenses incurred in returning the defendant to the county of jurisdiction, the clerk shall not discharge the forfeiture of the bond.
Pursuant to section 903.26(8), therefore, the Clerk was required “without further order of the court [to] discharge the forfeiture of the bond” if the following acts occurred: (1) the defendant’s arrest and return to the county of jurisdiction of the court prior to judgment; (2) affirmation by the sheriff or the chief correctional officer of the arrest and return; and (3) payment by the surety agent of any costs or expenses in returning the defendant to the county of jurisdiction. See Mike Snapp Bail Bonds v. Orange Cnty., 913 So.2d 88, 92 (Fla. 5th DCA 2005) (“If [defendant] was returned before the judgment, then under subsection (8), the clerk should have, without further order of the court, discharged forfeiture of the bond. All conditions of that subsection had also been met: payment of costs; arrest and return of the defendant.”).
It is undisputed that, prior to judgment on the forfeiture, Cardoza was re-arrested in Miami-Dade County (the same county of jurisdiction as the court). It is further undisputed that no costs or expenses were incurred in returning Cardoza to the county of jurisdiction prior to the judgment as he was rearrested in Miami-Dade County. Moreover, the Clerk never raised below any claim that the Appellants failed to provide an affirmation by the sheriff or the chief correctional officer. The sole basis of the Clerk’s opposition to the return of the bond was that Appellants were required to deposit the judgment amount in escrow before the trial court could vacate the judgment. In essence, the Appellants have been penalized for two errors committed by the Clerk: (1) the initial error in failing to discharge the bond as required by section 903.26(8); and (2) the subsequent error in sending the forfeiture of the bond to final judgment.
As in Overholser, the Clerk had no statutory authority to send the forfeiture to final judgment, and the premature judgment “entered by the clerk was void and subject to collateral attack.” Id. at 954; see also Mike Snapp Bail Bonds, 913 So.2d at 92 (holding that the clerk’s forfeiture judgment, which was issued after clerk did not discharge bond forfeiture, was void and contrary to law; “[i]f a clerk acts prematurely, the judgment entered is not merely voidable”); Ferlita, 380 So.2d at 1118-1119. When “it is determined that the judgment entered is void, the trial court has no discretion, but is obligated to vacate the judgment.” Horton v. Rodriguez Espaillat Y Asociados, 926 So.2d 436, 437 (Fla. 3d DCA 2006) (quoting State Dep’t of Transp. v. Bailey, 603 So.2d 1384, 1386-87 (Fla. 1st DCA 1992)).
Accordingly, because the statutory conditions precedent to the exercise of the *1220 Clerk’s authority to enter a final judgment did not exist, the judgment entered by the Clerk is void. We, therefore, find that the trial court erred in denying Appellants’ motion to vacate the judgment, and we remand for the trial court to vacate the judgment and enter an order discharging the bond.[3]
Reversed and remanded.
ROTHENBERG, J., concurs.

. The surety agent posted a separate bond for each offense; the bond at issue is number PC700816492.

. At oral argument, the Clerk conceded that it would have agreed to set aside the judgment if appellants had sought relief under Florida Rule of Civil Procedure 1.540(b) rather than through a motion to vacate a judgment. As stated in Kash N’Karry Wholesale Supennarkets, Inc. v. Garcia, 221 So.2d 786, 789 (Fla. 2d DCA 1969), "it is apparent that [Appellant] was in the right church but in the wrong pew; in other words, [Appellant] alleged potentially meritorious grounds under one motion where [they] should have alleged them in the other.”

. In a supplemental filing with the Court, the Clerk advised this Court that "[i]f the Court remands this matter to the trial court and authorizes the trial court to proceed without requiring the Appellants to pay into escrow the amount of the judgment as otherwise required by Section 903.27(5), the procedural objection previously raised by the Clerk will be obviated .... [and] the Clerk stipulates that he does not and will not object to the entry of an order vacating the Final Judgment on such remand.”